ODOM, Justice.
 

 The defendant was prosecuted in the Parish of Orleans, this state, for the crime of murder. He was convicted of manslaughter and sentenced to serve a term of six and one-half to twenty years at hard labor in the State Penitentiary. He appealed to this court, and the conviction and sentence were affirmed.
 

 Thereafter, the district attorney filed a bill of information against him under Act No. 15 of 1928, charging that he was a multiple offender; that in June, 1931, he had been charged in the Province of Alberta, Dominion of Canada, “with the crime of stealing an automobile of the value of Eight Hundred and Fifty ($850.00) dollars, which said crime is a felony under the law of Louisiana; that the said defendant pleaded ‘Guilty’ to the said crime and was duly sentenced on June 25th, -1931, to imprisonment in the Penitentiary of the Dominion of Canada, located at Saskatchewan, in the Province of Alberta, Dominion of Canada, for a term of two years”.
 

 It was further charged in this bill that the defendant had previously been convicted of the crime of grand larceny in the State of Oregon and had served a term in the state penitentiary of that state.
 

 Counsel for defendant moved to quash the indictment on the ground:
 

 
 *387
 
 “That there is no such crime or felony known to the law of Louisiana as ‘stealing an automobile of a value of $850.00’; that the terms of Act Í5 of 1928 specifically provide that in order that one might become amenable to its provisions, the previous felony must have been a felony under the laws of this state; that there being no felony known to our laws such as ‘stealing an automobile of the value of $850.00’ same cannot serve as a basis for a prosecution under the terms of Act 15 of 1928.”
 

 The motion to quash the indictment was overruled by the court, and counsel for defendant reserved a bill. In order to show that defendant had committed a felony in the Province of Alberta, Dominion of Canada, the district attorney offered to file in evidence the following certificate, properly authenticated:
 

 “Whereas — Jack Day alias Jack O’Day.— of — Calgary Alberta — was on this day convicted before the undersigned for that * * * he the said — Jack Day — on or about the — 31st—day of — May A. D. 1931 at — Calgary Alberta — in the said Province did — unlawfully steal a Buick Sedan automobile, License No. 5-815 of the value of about $850.00 the property of R. Hind. Contrary to Section 377 of the C.C.C. and the said Jack Day having elected to be tried summarily pleaded ‘Guilty’.
 

 “And it was thereby adjudged that the said — Jack Day — for his. offence should be imprisoned in the Penitentiary Prince Albert in the said Province, and there kept for the term of — two years. — ”
 

 Counsel for defendant objected to the introduction of this certificate on the ground that there was nothing to show that the crime of “stealing an automobile” as defined by the Penal Code of the Dominion of Canada would be a felony if committed in the State of Louisiana.
 

 The objection was overruled, the certificate was admitted in evidence, and counsel for defendant reserved a bill.
 

 Defendant was convicted under Act No. 15 of 1928, his previous sentence of six and one-half to twenty years at 'hard labor was ■ set aside, and he was sentenced, as a third offender, to serve a term of from forty to sixty years at hard labor in the State Penitentiary. From this conviction and sentence defendant appealed.
 

 Other bills were reserved during the course of the trial, but under the view which we take of the case they need not be discussed.
 

 While being a .multiple offender is not a crime or offense (State v. Ugarte, 176 La. 54, 145 So. 266; State v. Guidry, 169 La. 215, 124 So. 832), yet a proceeding by the State under Act No. 15 of 1928 to have a defendant sentenced as a second or third offender is in the nature of a criminal prosecution, and the burden is upon the State to prove the charges laid in the indictment. State v. Brown, 185 La. 855, 171 So. 55.
 

 In the case at bar it is charged that defendant was prosecuted in the Province of Alberta, Dominion of Canada, “with the crime of stealing an automobile of the value of Eight Hundred and Fifty ($850.00) Dollars”, that he had pleaded guilty and was sentenced to hard labor for two years.
 
 *389
 
 It is further alleged that “said crime is a felony under the law of Louisiana”. It was therefore necessary for the State to prove that the crime of “stealing an automobile” valued at $850 in the Dominion of Canada is such a crime or offense under the laws of Canada as would, if committed in Louisiana, be a felony under our laws. In the case of State v. Brown, supra, the State alleged that the defendant had been convicted in the State of Texas of the crime of “felony theft”. The defendant contended that the crime of “felony theft” as denounced by the penal statutes of the State of Texas was not such a crime as would amount to a felony if committed in the State of Louisiana. In the course of our opinion we said [page 56]:
 

 “As to bill No. 2, if it be true that the crime of 'felony theft’ as denounced by the laws of Texas would not amount to a felony if committed in Louisiana, the motion to quash is good and should have been sustained by the trial judge, because it is perfectly clear that where Act No. 15 of 1928 is invoked in order to have a defendant sentenced as a second or third offender, and where it is alleged that he had been previously prosecuted and convicted of crimes committed in other states, it must be alleged and shown that those crimes, if committed in this State, would be felonies under our law.”
 

 In that case it was shown that the crime of “felony theft” under the Texas law is theft of property of the value of $50 or more, and we held that the State had made out its case, because under our laws the larceny of property having a value of $50 or more is a felony.
 

 In the case presently before us, no effort was made by the State to show that the crime of “stealing an automobile” as that crime is defined in the Criminal Code of Canada would be a felony if committed in Louisiana. See State v. Brown, 175 La. 357, 143 So. 288. As a matter of fact, the State could not have made that proof if it had made the attempt. The Criminal Code of Canada speaks for itself. Under that Code as interpreted by the courts of Canada, it is perfectly clear that one may be guilty of “stealing an automobile” without carrying it away or without the element of “asportation”, which under our law is an essential ingredient of the crime of larceny.
 

 In Canada there are no crimes called “larceny” or “stealing”. Such crimes or offenses are included in the term “Theft”, as defined by the Dominion Criminal Code. “Theft” is defined by Article 347 of that Code as follows:
 

 “Theft or stealing is the act of fraudulently and without colour of right taking, or fraudulently and without colour of right converting to the use of any person, anything capable of being stolen, with intent
 

 “(a) to deprive the owner, or any person having any special property or interest, temporarily or absolutely of such thing or of such property or interest; or
 

 “(b) to pledge the same or deposit it as security; or
 

 “(c) to part with it under a condition as to its return which the person parting with it may be unable to perform; or
 

 
 *391
 
 “(d) to deal with it in such a manner that it cannot be restored in the condition in which it was at the time of such taking and conversion.
 

 “2. Theft is committed when the offender moves the thing or causes it to move or to be moved,
 
 or begins
 
 to.
 
 cause it to become movable,
 
 with intent to steal it.” (Italics are ours.)
 

 Commenting on this article of the Code, the author says in a note:
 

 “General. From the above definition itself and from explanations of the subject by the Royal Commissioners (quoted at pp. 401-404 ante) it will be seen that
 
 Theft is. not restricted to what, under the common law, constituted larceny,
 
 — the
 
 principal ingredient of which was the physical asportation or taking and carrying away of an article of personal property out of the possession and against- the will of the owner, for the purpose of converting it to the taker’s own use, or depriving the owner of it
 
 —but that it is intended to and covers all other means of fraudulent conversion, or misappropriation of' another’s personal property; so that Theft, as a general term, includes not only
 
 everything and every act amounting to larceny under the common law,
 
 as one of the different ways in which the offense can be committed, but all other fraudulent conversions and misappropriations of any article of personal property as Another method as committing theft; the essential ingredient of larceny at common law — namely,
 
 the taking and carrying away of the thing out of the owner’s possession and ■against his zvill,
 
 — being
 
 no longer necessary,
 
 but any fraudulent conversion or misappropriation of any article or thing belonging to another being sufficient to constitute theft, whether, at the time of the fraudulent conversion or misappropriation thereof, the article or thing is in the offender’s lawful possession or not” (Italics are ours.)
 

 Article 377 of that Code prescribes the punishment for “stealing an automobile” as follows:
 

 “Everyone who is found guilty of stealing an automobile or motor car shall be sentenced to not less than one year’s imprisonment, etc. etc.”
 

 In the case of Henderson v. Northwest Mutual Insurance Co., reported in Dominion Law Reports, Volume I, Page 339, decided in 1925, the Court of Appeal, British Columbia, held that under the Criminal Code of Canada one might be guilty of “stealing an automobile” without moving or carrying it away. In that case the court 'found as a fact that the defendant did not move the automobile from the garage where it was stored. It was shown, however, that the thief opened the car doors, got into the automobile, but was unable to start it because he could not’ manipulate the switch. There was no “asportation” of the car. Notwithstanding this, it was held that there was a “stealing” of the car. In arriving at this conclusion, the court pointed out that under the Code “theft is committed when the offender * * * begins to cause it to become movable”. In other words, it was' held that the defendant was guilty of stealing the car because he began a manipulation of the switch and the starter as preliminaries to
 
 *393
 
 the moving and the carrying away of the car.
 

 In the case of Canadian Surety Company v. Doucett (New Brunswick Supreme Court, Appeal Division), reported in Dominion Law Reports (1936), Volume II, at Page 619, suit was brought by the school board against the surety on the bond of the secretary. The secretary of the school board gave a bond for the “faithful performance of the duties of his office”, the bond indemnifying the school board against acts of “larceny or embezzlement”. The court said:
 

 “It was contended that the plaintiff must prove that the defendant was guilty of the crime of larceny or embezzlement before any liability is attached. There is no crime called ‘larceny’ now under the Criminal Code. It is included under ‘Theft’. There is no crime under the code called ‘Embezzlement’. It is also dealt with under ‘Theft’, etc. etc.”
 

 In the instant case the State proved that the defendant had, prior to his conviction and sentence in Louisiana, been guilty of the crime of “stealing an automobile” valued at $850 in the Dominion of Canada.
 

 But whether he feloniously. took and “carried it away” does not appear. Under the laws of Canada he may have done no more than open the car door, get into it, attempt to manipulate the switch and the starter. He may have failed to start it, may not have moved it at all. And yet, under the laws of Canada, if he did that and nothing more, he was guilty of stealing the car, if such acts were done with intent to steal it, because in Canada a theft is committed when the offender causes á thing to move “or begins to cause it to become movable, with intent to steal it”.
 

 But, under the laws of this state, such acts would not constitute the crime of larceny of an automobile. The burden was upon the State to prove that such acts as were committed by the defendant in the Dominion of Canada would, if committed in the State of Louisiana, amount to a felony here. It has failed to do so..
 

 For the reasons assigned, the conviction and sentence under Act No. 15 of 1928 are set aside.