332 So.2d 461 (1976)
STATE of Louisiana
v.
Junius JONES.
No. 57314.
Supreme Court of Louisiana.
May 17, 1976.
*462 Arthur A. Lemann, III, Supervising Attorney, New Orleans, Martha A. Azar, Paul A. Bonin, Student Practitioners, Loyola Law School Clinic, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Junius Jones, with simple burglary in violation of LSA-R.S. 14:62. After trial, the jury found him guilty as charged, and the judge sentenced him as a multiple offender to twenty years imprisonment. On appeal to this Court, the defendant relies upon four assignments of error, which we have consolidated into two arguments. We find merit in neither argument and, therefore, affirm the defendant's conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1, 2, AND 3
These three assignments of error are related to the defendant's claim that the jury venire from which the petit jury trying his case was selected was unconstitutionally composed. On the day of trial, January 22, 1975, the defendant orally moved to quash the entire jury panel "on the basis of exclusion of eighteen year olds." The trial judge denied the motion at that time, but reserved to the defendant the right to introduce evidence after the trial in support of his contention.
On February 5, 1975, the defendant filed a motion in arrest of judgment on the ground that the trial jury did not conform to the requirements of Section 33 of Article V of the 1974 Louisiana Constitution, which provides in pertinent part:
"A citizen of the state who has reached the age of majority is eligible to serve as a juror within the parish in which he is domiciled. . . ."
The defendant subsequently filed a written motion to quash and a motion for a new trial, both of which also alleged non-compliance with Article V, § 33. He introduced no evidence on any of the motions, and they were denied.
In his brief to this Court, the defendant continues to argue non-compliance with the constitutional provision; he also contends, for the first time, that the jury commission failed to assemble a pool of jurors fairly representative of "a cross-section of the community" as required by Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (decided January 21, 1975, one day prior to the trial in the instant case). In support of his argument to this Court, defendant relies, also for the first time, on our denial of certiorari in State v. de la Beckwith, La., 306 So.2d 310 (1975), in which the presiding judge of Section "A" of the Orleans Parish Criminal District Court (not the section in which defendant Jones was tried) had sustained a motion to quash on the ground of systematic exclusion of women and of eighteen to twenty-one year olds.
Because we find no merit to the substantive issue presented by the defendant in these three assignments of error, we pretermit a determination of whether the denial of the motion to quash is properly before this Court procedurally or whether any of the motions properly preserved for appellate review the allegation of systematic exclusion of any group other than eighteen to twenty-one year olds from the jury venire. The defendant's arguments must fail because he introduced no evidence in the trial court to establish that the jury panel for the month of January, 1975, did not conform with Article V, § 33 of the Louisiana Constitution. In State v. Brown, La., 319 So.2d 409 (1975), we held that in order to support a challenge to the composition of a jury panel, a defendant is *463 required "to make a showing that the state has not complied with the statutory procedures for composition of a petit jury venire" or has systematically excluded a particular group from juries. As we stated in Brown, had the defendant established a prima facie case, the burden would have shifted to the State to demonstrate that no discrimination was practiced. Turner v. Fouch, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970).
The defendant Jones made no showing to support his assertions in the trial court, and he, therefore, did not carry his burden of establishing a prima facie case. His reliance on appeal upon a denial of certiorari in another case cannot cure his failure to carry his burden of proof.
The assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 4
This assignment of error is based on an objection made during the multiple billing proceeding when the trial judge took judicial notice of the fact that the defendant involved was the same individual who had been convicted in his court of simple burglary approximately two and one-half weeks previously. The defense asserts that this procedure failed to comply with LSA-R.S. 15:529.1(F), which provides:
"The certificates of the warden or other chief officer of any state prison,. . . containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence on the trial of any person for a second and subsequent offense of the imprisonment and discharge of the person, . . . ."
The proceeding in which the trial judge took notice of defendant's identity resulted in the basic conviction for which the multiple-offender sentence was imposed.
Our decision in State v. O'Day, 191 La. 380, 185 So. 290 (1938), remains a valid statement of the law on this issue:
". . . The present proceeding is a part of the original prosecution against him for that crime. State v. Guidry, 169 La. 215, 124 So. 832. Our learned brother below had the right to take judicial cognizance of any prior proceeding which was a part of the same case he had previously tried. The filing of the information was solely and only for the purpose of having the court impose a sentence upon the accused, according to the laws of this State, as a second or third offender. Therefore, proof that he was the prisoner who had been sentenced by the judge under the previous conviction by the jury was not necessary."
Moreover, this Court recently held that the procedures set forth in LSA-R.S. 15:529.1(F) are not the exclusive means by which the identity of a defendant in a multiple offender proceeding may be proved. State v. Maduell, La., 326 So.2d 820 (1976).
The assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.