# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1072


STATE OF LOUISIANA

VERSUS

ALEX SIGUE


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2011-5714
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and James T. Genovese, Judges.

**AFFIRMED.**


**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**Telephone: (337) 436-2900**
**COUNSEL FOR:**
**Defendant/Appellant - Alex Sigue**


**Herbert Todd Nesom**
**District Attorney - 33rd Judicial District**
**Joe Green**
**Assistant District Attorney - 33rd Judicial District**
**P. O. Box 839**
**Oberlin, LA 70655**
**Telephone: (337) 639-2641**
**COUNSEL FOR:**
**Plaintiff/Appellee - State of Louisiana**

**THIBODEAUX, Chief Judge.**

After severely beating a prison guard, Defendant, an inmate at the Allen Parish Correctional Center, was convicted by a jury of battery of a correctional facility employee, a violation of La.R.S. 14:34.5. The State subsequently filed a bill of information alleging that Defendant was a fourth habitual offender pursuant to La.R.S. 15:529.1. After a habitual defender hearing, the trial court determined that Defendant was a fourth habitual offender and sentenced him to thirty years at hard labor, consecutive to any sentences already being served. Defendant appeals. For the following reasons, we affirm the trial court's judgment and Defendant's sentence.

I.

## ASSIGNMENTS OF ERROR

On appeal, the Defendant raises the following assignments of error for our consideration:

(1)   the trial court erred in finding Defendant to be a fourth felony offender since the predicate offense used to establish his incarceration as an offender was improperly used to enhance his sentence;

(2)   the trial court erred in permitting the prosecution to elicit testimony at trial regarding an alleged prior manslaughter conviction;

(3)   the trial court erred in denying Defendant's "Objection to Multiple Offender Bill;" and

(4)   Defendant was not sufficiently identified as the same person who entered pleas of guilty to the predicate offenses alleged by the State in the habitual offender bill of information.

## II.

## <u>LAW AND DISCUSSION</u>

### Assignment of Error Number One

In his first assignment of error, Defendant argues the habitual offender adjudication subjected him to a double enhancement, as the adjudication was based, in part, upon his earlier manslaughter conviction, the same offense that the State used to prove an element of battery of a correctional center employee. Louisiana Revised Statutes 15:529.1(D)(1)(b) states that "any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." As Defendant failed to raise this issue in his written "Objection to Multiple Offender Bill" or in his oral argument at the habitual offender hearing, the issue was not preserved for appellate review, and he is precluded from raising it for the first time here. *See State v. Elie*, 10-1494 (La.App. 3 Cir. 10/5/11), 74 So.3d 1216, *writ denied*, 11-2786 (La. 4/13/12), 85 So.3d 1246; *see also State v. Ayche*, 07-753 (La.App. 5 Cir. 3/11/08), 978 So.2d 1143, *writ denied*, 08-2291 (La. 1/30/09), 999 So.2d 752, *and writ denied*, 08-1115 (La. 2/13/09), 999 So.2d 1140.

### Assignment of Error Number Two

In his second assignment of error, Defendant argues the trial court, in his jury trial, erred by allowing the State to elicit testimony regarding his prior manslaughter conviction, as it was an improper reference to evidence of other crimes.

The State cites *State v. Rice*, 31,871, pp. 11-12 (La.App. 2 Cir. 3/31/99), 736 So.2d 956, 964-65, *writ denied*, 99-1314 (La. 10/15/99), 748 So.2d 464, which addressed an analogous situation:

> Evidence of other crimes is generally inadmissible in the guilt phase of the trial unless the probative value of the evidence outweighs its prejudicial effect and other safeguards are met. *State v. Hamilton*, 478 So.2d 123, 129 (La.1985), *cert. denied*, 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986). Exceptions to the prohibition of references to other crimes exist when the state offers the evidence of other crimes to prove a material issue which has independent relevance for purposes other than to show the character of the defendant. *State v. Thompson*, 532 So.2d 1160 (La.1988).

> La. C.E. art. 404(B)(1) provides:

> Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transition that is the subject of the present proceeding.

> La.C.Cr.P. art. 720 provides that evidence "which relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding or other crimes for which the accused was previously convicted" shall be admissible without prior notice to the defendant.

> The defendant's prior conviction falls within an exception to the inadmissibility of other crimes because the state offered it to prove a material issue, the legal

confinement of the defendant, which has independent relevance other than to show the character of the defendant. Furthermore, pursuant to La.C.Cr.P. art. 720, the state was not required to give the defendant prior notice because the prior conviction for armed robbery was related to conduct that constituted an integral part of the offense of aggravated escape.

. . . .

Even if the "other crimes" evidence should have been held inadmissible, the trial error would be subject to a harmless error analysis on appeal. When the verdict is "surely unattributable to the error," the trial error is harmless. *State v. Ingram*, 29,172 (La.App.2d Cir.1/24/97), 688 So.2d 657, *writ denied*, 97-0566 (La.9/5/97), 700 So.2d 505. The defendant testified that he had been incarcerated for armed robbery. Thus, the evidence of defendant's prior armed robbery conviction was available to the jury, and the verdict is therefore "surely unattributable" to the state's reference to the armed robbery conviction in its opening statement.

Here, the record indicates that the trial court limited the scope of questioning regarding Defendant's past conviction of manslaughter to "the reason why he was initially incarcerated, and [to show] he would have still been incarcerated legally for that crime." To demonstrate the battery at issue was a felony-grade offense, the State had to show that Defendant was in the custody of the Department of Public Safety and Corrections or was being detained in a correctional facility. As such, the trial court's ruling here was valid. Even if the court erred, said error would be harmless, pursuant to *Rice*, 736 So.2d 956. In light of testimony from multiple witnesses that Defendant advanced on the sixty-two-year-old guard and punched him several times, the verdict was surely not dependent upon the jury's knowledge that he had a prior manslaughter conviction. Thus, if error occurred, the verdict was surely unattributable to the error.

Defendant cites *State v. Marsalis*, 04-827 (La.App. 5 Cir. 4/26/05), 902 So.2d 1081, in which the defendant argued that a State witness should not have been allowed to refer to his incarceration in a maximum security area. However, *Marsalis* did not address a scenario in which evidence of a prior offense at issue was introduced. Thus, we find *Marsalis* distinguishable and conclude that it should not be read as authority to prohibit such evidence in cases involving La.R.S 14:34.5. Further, pursuant to *Marsalis* and *Rice*, even if an error occurred, it was harmless. As such, this assignment lacks merit.

## Assignment of Error Number Three

In his third assignment of error, Defendant argues the trial court erred by denying his objection to the habitual offender bill. Specifically, he objected to the use of the predicate offenses, alleging that his guilty pleas to those offenses were not knowing and voluntary. He complained that he was not advised at any of those plea proceedings that they could be used for future sentence enhancement. Defendant is asking this court to reconsider established law stating that a defendant need not be advised of the collateral consequences of a guilty plea. *State v. Guzman*, 99-1753, 99-1528 (La. 5/16/00), 769 So.2d 1158; *State v. Jackson*, 362 So.2d 1082 (La.1978). While Defendant acknowledges this long-standing jurisprudence, he suggests it has been modified or superseded by the Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473 (2010). In *Padilla*, the Court held that defense counsel must advise a non-citizen defendant of the possible deportation-related consequences of a guilty plea. Further, *Padilla* is rooted in the right to counsel guaranteed by the Sixth Amendment of the United States Constitution.

While Defendant presents a germ of an argument, he fails to explain why *Padilla* should be extended to collateral issues other than deportation or cases relating to right to counsel. In the absence of an argument regarding why *Padilla* should be extended, this assignment lacks merit.

**Assignment of Error Number Four**

In his final assignment of error, Defendant argues the State failed to prove he was the same person who entered guilty pleas to the predicate offenses alleged in the habitual offender bill. As discussed above, La.R.S. 15:529.1(D)(1)(b) states that "any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." Here, Defendant did not raise his argument in his written "Objection To Multiple Offender Bill" or at the habitual offender hearing. As such, Defendant failed to preserve the issue for appeal. *See Elie*, 74 So.3d 1216, *State v. Jones*, 11-649 (La.App. 4 Cir. 10/19/11), 76 So.3d 608, *writ denied*, 11-2545 (La. 3/30/12), 85 So.3d 116.

### III.

### <u>DISPOSITION</u>

For the foregoing reasons, we affirm the trial court's judgment and Defendant's sentence.

**AFFIRMED.**