# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**14-389**

**STATE OF LOUISIANA**

**VERSUS**

**KENNETH WAYNE MONTGOMERY**

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 10195-13
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

***********

**JIMMIE C. PETERS
JUDGE**

***********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and John E. Conery, Judges.

**AFFIRMED.**

**COOKS, J., dissents and assigns written reasons.**

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Karen C. McLellan**
**Assistant District Attorney**
**Fourteenth Judicial District**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward J. Marquet**
**Louisiana Appellate Project**
**P.O. Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR APPELLANT:**
    **Kenneth Wayne Montgomery**

**Kenneth Wayne Montgomery**
**#123966**
**Allen Correctional Center**
**3751 Lauderdale Woodyard Road**
**Kinder, LA 70648**
**PRO SE**

**PETERS, J.**

The defendant, Kenneth Wayne Montgomery, appeals his adjudication as a second felony offender.[1] For the following reasons, we affirm his adjudication in all respects.

## DISCUSSION OF THE RECORD

In a trial which began on January 10, 2013, a jury convicted the defendant of two counts of distribution of cocaine, violations of La.R.S. 40:967. Thereafter, the trial court sentenced him to serve two concurrent thirty-year hard-labor sentences on the convictions. Subsequently, the State of Louisiana (state) charged the defendant in this separate proceeding as a habitual offender in violation of La.R.S. 15:529.1. After considering the evidence presented at the July 26, 2013 habitual-offender proceeding, the trial court adjudicated the defendant as a second-felony offender and sentenced him to the same sentence previously imposed, two concurrent thirty-year sentences at hard labor. The defendant appeals the adjudication, asserting in his one assignment of error raised by his appellate counsel, that "[t]he prosecution failed to prove that the defendant was the same person who was convicted of the prior felonies on May 24, 2010 and January 10, 2013."

## OPINION

The offense of distribution of cocaine is subject to a possible incarceration sentence of not less than two, nor more than thirty years at hard labor, with the first two years of the sentence imposed to be served without benefit of probation, parole, or suspension of sentence. La.R.S. 40:967(B)(4)(b). Thus, the defendant received the maximum sentence for each count before imposition of the habitual

---

[1] An opinion addressing the underlying convictions has been released this day and is designated as *State v. Montgomery*, 14-390 (La.App. 3 Cir. ___/___/___), ___ So.3d ___.

offender provisions of La.R.S. 15:529.1.[2]  Additionally, La.R.S. 15:529.1(A)(1) provides an enhanced sentencing range of "a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction."  Furthermore, La.R.S. 15:529.1(G) provides that "[a]ny sentence imposed under the provisions of this Section shall be at hard labor without benefit of probation or suspension of sentence."

After adjudicating the defendant a habitual offender, the trial court sentenced him to the same sentence as before, which is still within the mandatory-minimum range for the habitual-offender conviction.  Thus, because the defendant's sentence is still subject to parole, it is basically the same sentence as that imposed in the underlying proceeding, and the defendant has not raised an excessiveness claim in either his appeal addressing the convictions themselves or in this appeal.  That is to say, the defendant does not challenge the length of the sentences, nor does he explain how a reversal of this adjudication proceeding will benefit him from a sentencing standpoint.  Still, given the content of the record before us, we will consider the sole assignment of error.

At the July 26, 2013 habitual offender hearing, the state introduced the following exhibit with regard to the prior conviction:

> **Exhibit S1:**  Certified copies of an amended bill of information in docket number 18150-08 charging Kenneth Wayne Montgomery, a black male whose date of birth was listed as April 2, 1961, with possession of cocaine occurring on June 30, 2008; minutes of court dated May 24, 2010, reflecting the entry of a guilty plea before Judge Clayton Davis in docket number 18150-08 to possession of cocaine by Kenneth Wayne Montgomery, who was represented by an attorney and who gave his date of birth as April 2, 1961, and his address as 2003 N. Prater St., Lake Charles, Louisiana; and a waiver of

---

[2] While the sentence imposed does not mention the mandatory minimum period required under La.R.S. 40:967(B)(4)(b), that minimum requirement is made part of the sentence pursuant to La.R.S. 15:301.1.

constitutional rights and plea of guilty form signed by Kenneth Wayne Montgomery, whose date of birth was listed as April 2, 1961.

The state also introduced the following exhibits with regard to the two distribution of cocaine convictions, which gave rise to the habitual offender proceeding:

**Exhibit S2:** Certified copies of a grand jury indictment in docket number 26952-12 charging Kenneth Wayne Montgomery, whose date of birth was listed as April 2, 1961, with two counts of distribution of cocaine; a bill of information in docket number 10195-13 (the proceeding now before us) charging Kenneth Wayne Montgomery, a black male who was born on April 2, 1961, as a habitual offender; jury verdicts of guilty on each count of distribution of cocaine in docket number 26952-12 dated January 11, 2013; minutes of court dated April 1, 2013, reflecting that Kenneth Wayne Montgomery was sentenced by Judge Clayton Davis to thirty years at hard labor on each count of distribution of cocaine to be served concurrently, and the filing of a habitual offender bill of information in docket number 10195-13.

**Exhibit S3:** Certified copy of an "Appeal Motion for Bond Reduction" to the Third Circuit Court of Appeal by Kenneth W. Montgomery dated October 4, 2012, wherein he stated he was convicted two years ago and he was last arrested on June 30, 2008, and gave his address as P.O. Box 2017, Lake Charles, Louisiana.

Finally, the state requested that the trial judge presiding in the habitual offender proceeding take judicial notice that he had presided in both prior trials at issue. The trial judge responded affirmatively to that request.

The defendant argues on appeal that the state failed to carry its burden of proving beyond a reasonable doubt that he is the same person convicted of the felony on May 24, 2010, and the two felonies on January 10, 2013. Specifically, he points out that the state did not produce expert fingerprint evidence and that the record contains no admission by him that he was the same person. Thus, the issue before this court is whether the evidence before the trial court was sufficient to support a habitual offender finding.

In *State v. Brown*, 11-1656, p. 2 (La. 2/10/12), 82 So.3d 1232, 1234, the supreme court noted the following:

For the defendant to receive an enhanced penalty under La.R.S. 15:529.1, the state must prove prior felony convictions and then prove the defendant is the same person who committed the prior felonies. *State v. Blackwell*, 377 So.2d 110 (La.1979). Both the identity and the prior conviction alleged must be proven beyond a reasonable doubt. La.R.S. 15:529.1(D)(1)(b). Various methods of proof establishing identity have been recognized as sufficient to sustain the state's burden of proof, including testimony of witnesses, expert opinion as to fingerprints, and photographs contained in duly authenticated records. *State v. Brown*, 514 So.2d 99, 106 (La.1987); *State v. Jones*, 408 So.2d 1285, 1294-95 (La.1982); *State v. Curtis*, 338 So.2d 662, 664 (La.1976).

In considering the matter now before us, we first note that the methods of proof set forth in *Brown* are illustrative and not mandatory. In fact, other methods of proof, including judicial notice, have been found adequate to meet the state's burden of proof on the issue of identity.

With regard to the use of judicial notice of a trial judge's participation in a prior prosecution as evidence in a habitual offender proceeding, the supreme court has reached the conclusion that while "the trial judge may take judicial notice that the defendant before him is the same person who has been convicted of the present offense just tried before him[,]" he may not necessarily be able to "take judicial notice that the individual before him is the same defendant as the person convicted in prior (and different) proceedings." *State v. Augillard*, 371 So.2d 798, 799 (La.1979).

In the matter before us, the exhibits offered by the state establish that Kenneth Wayne Montgomery, an African-American male residing in Lake Charles, Louisiana, and born on April 2, 1961, was charged on June 30, 2008, in Docket Number 18150-08 of the Fourteenth Judicial District Court in Calcasieu Parish, Louisiana, with possession of cocaine, a violation of La.R.S. 40:967, and was convicted of that offense on May 24, 2010; that an African-American male having the same name, birthday, and city of residence, was charged on September

12, 2012, in Docket Number 26952-12 of the same district court, with two counts of distribution of cocaine, violations of La.R.S. 40:967, and was convicted of those offenses on July 11, 2013; and that the pleadings filed by the defendant, in Docket Number 26952-12, acknowledge that the defendant in that proceeding had a prior conviction for which he had been arrested on June 30, 2010. Additionally, counsel for the state noted that the records reflect that the trial judge presiding in the habitual offender proceeding had been the presiding judge in both of the underlying conviction proceedings and the trial court responded that he did "take judicial notice that Mr. Montgomery has now been convicted twice in this division on those dates."

We find that while the state did not use the specific methods of proof noted in *Brown*, 82 So.3d 1232, the record before us establishes beyond a reasonable doubt that the individual convicted of possession of cocaine in 2010, and the individual convicted of two counts of distribution of cocaine in 2013, are one and the same. While the trial judge did not specifically state that he recalled the defendant's first conviction, it is important to note the time-line history of the distribution convictions: a grand jury indicted the defendant on September 12, 2012; a jury convicted him on January 10, 2013; the state filed its habitual offender charge on April 1, 2013, the same day he was sentenced on the underlying convictions; and the defendant was adjudicated a habitual offender on July 26, 2013. Furthermore, a major issue raised by the defendant in the distribution prosecutions was his animosity toward the trial judge based on the prior conviction. This history is documented in the record, was the subject of an effort by the defendant to have the trial judge recused, and was the principal issue in the appeal of his underlying convictions. *See State v. Montgomery*, 14-390 (La.App. 3

5

Cir. __/__/__), ___ So.3d ___. That being the case, this is not a situation where the trial court could only notice that the records reflected his participation in the prior conviction. The defendant made that conviction history a part of the distribution-conviction proceedings, and the trial judge could take judicial notice of the content of that later proceeding.

We find no merit in the defendant's assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the adjudication of Kenneth Wayne Montgomery as a second felony offender in all respects.

**AFFIRMED.**

STATE OF LOUISIANA

VERSUS

KENNETH WAYNE MONTGOMERY


**Cooks, J., dissents.**

On April 1, 2013, the State filed a habitual offender bill of information seeking to have Kenneth Wayne Montgomery (Defendant) adjudicated a second felony offender. On the same date, Defendant pleaded not guilty. A habitual offender hearing was held on July 26, 2013. The trial court adjudicated Defendant a second felony offender on two counts of distribution of cocaine, and sentenced him to serve thirty years at hard labor on each count with the sentences to run concurrently.

Defendant filed an application for post-conviction relief on September 12, 2013, seeking an out-of-time appeal, which the trial court granted on October 7, 2013.

Defendant contends the prosecution failed to prove he is the same person who was convicted of prior felonies on May 24, 2010, and January 10, 2013. Defendant participated in the habitual offender hearing via video feed from Allen Correctional facility. Defendant's "counsel advisor," who had been relieved of her services at the time Defendant was sentenced on the underlying offenses, was present in court for the habitual offender hearing.

1

The State offered the following exhibits: [1] 1) S1 - certified copies of an amended bill of information in docket number 18150-08 charging Kenneth Wayne Montgomery, a black male who was born on April 2, 1961, with possession of cocaine occurring on June 30, 2008; minutes of court dated May 24, 2010, reflecting the entry of a guilty plea in docket number 18150-08 to possession of cocaine by Kenneth Wayne Montgomery, who was represented by an attorney and who gave his date of birth as April 2, 1961, and his address as 2003 N. Prater St., Lake Charles, Louisiana, before Judge Clayton Davis after he was advised of his rights; and a waiver of constitutional rights and plea of guilty form signed by Kenneth Wayne Montgomery, whose date of birth was listed as April 2, 1961; 2) S2 - certified copies of an indictment in docket number 26952-12 charging Kenneth Wayne Montgomery, whose date of birth was listed as April 2, 1961, with two counts of distribution of cocaine; a bill of information in docket number 10195-13 charging Kenneth Wayne Montgomery, a black male who was born on April 2, 1961, as a habitual offender; jury verdicts of guilty on each count of distribution of cocaine in docket number 26952-12 dated January 11, 2013; minutes of court dated April 1, 2013, reflecting that Kenneth Wayne Montgomery was sentenced by Judge Clayton Davis to thirty years at hard labor on each count of distribution of cocaine to be served concurrently and the filing of a habitual offender bill of information in docket number 10195-13; and 3) S3 - a certified copy of an "Appeal Motion for Bond Reduction" to the Third Circuit Court of Appeal by Kenneth W. Montgomery dated October 4, 2012, wherein he stated he was convicted two years ago and he was last arrested on June 30, 2008, and gave his address as P.O. Box 2017, Lake Charles, Louisiana.

---

[1] Defense counsel had not seen the documents presented by the State prior to the hearing and Defendant told the trial court he had never received copies of those documents.

The State asserted that the name and date of birth listed on the bill of information charging two counts of distribution of cocaine for which Defendant was convicted, and on the indictment charging Defendant as a habitual offender, were the same. The State further asserted the following regarding S-3:

> [J]udge, stated on page 2, stated by Mr. Montgomery, that he was convicted two years ago in this letter, and when this letter was written, it was dated as October 4th, 2012. As previously stated, he was convicted in 2010. That would have been approximately two years from the -- that he was speaking of on that conviction as well as -- to further support that, on page 3, he lists defendant's last arrest was June 30th, 2008, same arrest date from the plea of conviction from 2010.

Additionally, the State requested Judge Davis take judicial notice, as follows:

MR. GASPARD:

> And, Judge, also, the State would like to point out that when Mr. Montgomery pled in 2010 to possession of cocaine, it was in front of this division and in front of Your Honor. We request if you'd take additional notice that that was Mr. Montgomery who had given that plea as reflected in the certified copies that were turned over as reasonable -- as S1 --

THE COURT:

> Yes, sir.

MR. GASPARD:

> -- as further proof of the defendant's identity as the same person who was convicted then that was convicted on January 11, 2013 under the --

THE COURT:

> The Court does take judicial notice that Mr. Montgomery has now been convicted twice in this division on those dates.

The State noted it had received no response to the habitual offender bill from Defendant. The trial court subsequently stated: "I'm asking the clerk's office to provide Mr. Montgomery with copies of all the exhibits that have been introduced

3

today as soon as possible. If he wishes to have another hearing on this, he can."

And with that, Defendant was adjudicated a second habitual offender.

At the conclusion of the hearing, Defendant objected as follows:

Let the record reflect that also in the other conviction that y'all are using to habitualize me is in the hands of the United States Supreme Court right now as we speak, not to mention the fact that in -- in -- in the sentencing phase of that, you never informed me that that charge could be used against me in any future endeavors to enhance me of [sic] anything.

Defendant again requested copies of the documents presented by the State alleging he had not received them stating: "I ain't received no [sic] evidence, no nothing. You got me going into the [sic] blind just like y'all had me going into a [sic] blind on my trial."

In *State v. Sigue*, 13-1072 (La.App. 3 Cir. 3/5/14), 134 So.3d 156, the defendant alleged the state failed to prove he was the same person who entered guilty pleas to the predicate offenses alleged in the habitual offender bill. This court found:

La.R.S. 15:529.1(D)(1)(b) states that "any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." Here, Defendant did not raise his argument in his written "Objection To Multiple Offender Bill" or at the habitual offender hearing. As such, Defendant failed to preserve the issue for appeal. *See* [*State v.*] *Elie*, [10-1494 (La.App. 3 Cir. 10/5/11),] 74 So.3d 1216[, *writ denied*, 11-2786 (La. 4/13/12). 85 So.3d 1246], *State v. Jones*, 11-649 (La.App. 4 Cir. 10/19/11), 76 So.3d 608, *writ denied*, 11-2545 (La.3/30/12), 85 So.3d 116.

*Id.* at 160.

Defendant did not file written objection to the habitual offender bill and he did not specifically object to the State's failure to prove his identity at the habitual offender hearing. He did, however, make known his objection to the court adjudging him a habitual offender. In *State v. Lorio*, 94-2591, p. 3 (La.App. 4 Cir. 9/28/95), 662 So.2d 128, 130, defense counsel objected to the introduction of

4

state's exhibits 2, 3, and 4, stating: "'note the objections to the certified copies of the prior charges used as the predicate in this matter.'" The fourth circuit found that, "[w]hile the defendant did not specifically object to the State's failure to show that the five year cleansing period had not lapsed, his objections mentioned above are sufficient to preserve this issue for appeal." *Id.* Likewise, in *State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, the defendant argued the trial court erred in finding that his prior convictions in Texas amounted to felonies in Louisiana; therefore, the trial court's finding that he was a third habitual offender was erroneous. The defendant in that case did not file a written response to the habitual offender bill. This court, nevertheless, addressed the assigned error stating: "In the case *sub judice*, the defendant is not challenging the validity of the predicate offenses; rather, he is attacking a proof issue. Therefore, the defendant's argument appears more analogous to the issue considered in *Lorio*, [662 So.2d 128,] and as such, this assignment will be considered by this court." *Id.* at 1377. Defendant's assignment of error is properly before this court for review.

I first note Defendant was not physically present at the habitual offender hearing and the record reflects he has an identical twin brother. I also note that during the hearing he asserted he did not receive copies of the documents used by the State to meet its burden of proof. Additionally, the trial court, recognizing that Defendant had not been provided copies of the documentary evidence introduced by the State, stated that if the Defendant wished to have another hearing, he would grant one. *Defendant raises a question of proof* which is fundamental to establishing his habitual offender status, and further argues his constitutional right to due process was disregarded. Defendant contends there was no evidence or expert testimony that his fingerprints matched those from the prior convictions. Indeed, the State did not offer any fingerprint evidence to prove identity.

5

Defendant denied the habitual offender allegations, and did not admit he was the same person convicted of the prior offenses.

The State contends the exhibits presented, as well as the judicial notice taken by the trial court, proved Defendant was the same individual who committed the prior felony. The majority finds the State met its burden of proof as to identity. I disagree. I believe the State failed to meet its burden to prove beyond a reasonable doubt that Defendant is the same person allegedly convicted in a prior case in docket number 18150-08 as on January 11, 2013, in *State v. Kenneth Wayne Montgomery*, docket number 26952-12, Fourteenth Judicial District Court. The State produced no witnesses establishing Defendant as the person in both cases; no fingerprint evidence authenticated by any expert witness; no photographs in the records presented; nor any other evidence which would sufficiently meet the state's burden of proof.

In *State v. Brown*, 11-1656, p. 2 (La. 2/10/12), 82 So.3d 1232, 1234, (emphasis added) the Louisiana Supreme Court held:

> For the defendant to receive an enhanced penalty under La. R.S. 15:529.1, the state must prove prior felony convictions and *then prove the defendant is the same person who committed the prior felonies*. *State v. Blackwell*, 377 So.2d 110 (La.1979). Both *the identity* and the *prior conviction alleged* must be proven beyond a reasonable doubt. La. R.S. 15:529.1(D)(1)(b). Various methods of proof establishing identity have been recognized as sufficient to sustain the state's burden of proof, including testimony of witnesses, expert opinion as to fingerprints, and photographs contained in duly authenticated records. *State v. Brown*, 514 So.2d 99, 106 (La.1987); *State v. Jones*, 408 So.2d 1285, 1294–95 (La.1982); *State v. Curtis*, 338 So.2d 662, 664 (La.1976).

In *State v. O'Day*, 191 La. 380, 185 So. 290 (1938) (*on reh'g*), the defendant alleged the state failed to offer any proof that he was the same person charged in Orleans Parish with the murder of Estelle Hughes, and convicted of and sentenced for manslaughter. The supreme court addressed the issue stating:

6

The rocord [sic] shows that the accused was tried for murder and convicted of manslaughter before a jury in the court of the same judge who sentenced him. *The present proceeding is a part of the original prosecution against him for that crime*. *State v. Guidry*, 169 La. 215, 124 So. 832. Our learned brother below had the right to take judicial cognizance of any prior proceeding which was a part of the same case he had previously tried. The filing of the information was solely and only for the purpose of having the court impose a sentence upon the accused, according to the laws of this State, as a second or third offender. Therefore, proof that he was the prisoner who had been sentenced by the judge under the previous conviction by the jury was not necessary. (emphasis added)

*Id*. at 298. *See also State v. Jones*, 332 So.2d 461 (La.1976).

In footnote two of its decision in *State v. Adams*, 355 So.2d 917, 921 n. 2

(La.1978), the supreme court stated:

The trial judge's per curiam opinion indicates that he took judicial notice of the fact that he was the judge who had sentenced the defendant in 1975 on a guilty plea to theft. We have previously held that a judge has the right to take judicial cognizance of a prior proceeding in which he participated as proof that a particular defendant is the same person as previously convicted. *State v. Jones*, 332 So.2d 461 (La.1976); *State v. O'Day*, 191 La. 380, 185 So. 290 (1938). Nevertheless, the trial judge's per curiam in the instant case would not alone have been adequate to identify the defendant. In it he stated:

" . . . There also was evidence that the judge who had previously sentenced Defendant is the same person as the writer hereof. This was judicially noted and sentence imposed under the Habitual Offender Law."

The remarks indicate the judge took notice of evidence which showed he was the sentencing judge in the prior case, but he did not state that he remembered the defendant from that prosecution. Judicial notice that a judge's name appears on the records of a prior conviction will not satisfy the showing required to sentence an individual as a multiple offender. *The defendant in the two proceedings must be identified as the same person.* (emphasis added)

In *State v. Curtis*, 338 So.2d 662, 664 (La.1976), the supreme court stated:

"We do not consider that identity of name of defendant and the person previously

convicted is sufficient evidence of identity."

7

In *State v. Augillard*, 371 So.2d 798 (La.1979), the supreme court noted the state argued the trial judge could take judicial notice that the accused was the same person as had been earlier convicted before him. The supreme court stated:

> However, the decisions cited (*State v. Jones*, 332 So.2d 461 (La.1976) and *State v. O'Day*, 191 La. 380, 185 So. 290 (1938)) are not authority to that effect: they merely hold that, in an enhanced sentence proceeding (La.R.S. 15:529.1), the trial judge may take judicial notice that the defendant before him is the same person who has been convicted of the present offense just tried before him. ***These decisions are not authority that the trial judge may take judicial notice that the individual before him is the same defendant as the person convicted in prior (and different) proceedings.*** (emphasis added)

*Id.* at 799 (footnote omitted).

In this case, the trial court's taking judicial notice of Defendant's 2010 conviction was not sufficient. Judge Davis did not state he remembered or recognized Defendant as the same person who was convicted in 2013. Defendant was not physically present at the hearing but appeared via video from a correctional facility. Additionally, the plea to possession of cocaine in 2010 was not part of the same proceedings as the distribution of cocaine offenses in 2013. Under the referenced jurisprudence the documents submitted by the State in this case are not sufficient to support the Defendant's adjudication as a habitual offender.

In *State v. Neathery*, 2007 WL 4480674, 07-1226 (La.App. 1 Cir. 12/21/07) (unpublished opinion), the first circuit vacated the defendant's habitual offender adjudication and sentence, noting the appellate record did not contain the fingerprint card made at the habitual offender hearing. In footnote five of its opinion, the first circuit stated:

> We are aware that the Habitual Offender Act does not require the state to use a specific type of evidence, including fingerprints, to carry its burden at a habitual offender hearing and that prior convictions may be proved by any competent evidence. *See* [*State v.*] *Payton*, [00-2889 (La. 3/15/02),] 810 So.2d [1127] at 1132. However,

at the January 25, 2007 habitual offender hearing, the state's method of proof was by fingerprint identification and matching. There was no attempt to compare, for example, similar driver's license numbers, social security numbers, or dates of birth. No photographs were introduced into evidence and no other witness, other than Ms. Williams, testified at the instant habitual offender hearing. *See State v. Curtis*, 338 So.2d 662 (La.1976). In any event, our review of the record reveals that the dates of birth and names match on several of the records. However, only the Louisiana State Police record of the simple robbery and simple burglary convictions contains a social security number. As such, a social security number match cannot be made with other records. Also, the "S-2" exhibit in the appellate record lists, presumably, the defendant's driver's license number as 5689532, whereas the present bill of information lists the defendant's driver's license number as 5863961.

*Id.* at 3 n. 5.

In *State v. Galatas*, 2010 WL 5464829, 10-980, p. 4 (La.App. 1 Cir. 12/22/10) (unpublished opinion), the first circuit noted the only information provided by the state to establish the defendant's identity was his name, race, sex, and date of birth, which was insufficient to establish the defendant was the same person convicted of possession of stolen property.

In his "Appeal Motion for Bond Reduction," Defendant did not admit he had a conviction in 2010 for possession of cocaine in docket number 18150-08. The evidence presented by the State only establishes that a black male named Kenneth Wayne Montgomery, having a date of birth of April 2, 1961, was convicted of possession of cocaine and two counts of distribution of cocaine. I believe under the settled jurisprudence the evidence presented by the State in this case did not prove beyond a reasonable doubt that Defendant herein was the same Kenneth Wayne Montgomery convicted of possession of cocaine in 2010. For the reasons stated, I respectfully dissent.

9