| STATE OF LOUISIANA | * | NO. 2024-K-0158 |
| | | |
| VERSUS | * | |
| | | COURT OF APPEAL |
| MICHAEL MOORE | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 558-588, SECTION "A"
Honorable Simone A. Levine,
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rachael D. Johnson, Judge
Nakisha Ervin-Knott)

**LOBRANO, J., CONCURS IN THE RESULT**

Jason R. Williams
Orleans Parish District Attorney
619 South White Street
New Orleans, LA 70119

Brad Scott
Orleans Parish Assistant District Attorney
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR RELATOR/STATE

Kevin Fitzgerald
Orleans Public Defenders
2601 Tulane Avenue, Seventh Floor
New Orleans, LA 70112

      COUNSEL FOR RESPONDENT/DEFENDANT

**WRIT GRANTED; REVERSED**
**MAY 10, 2024**

In this criminal case, The State of Louisiana ("The State") seeks review of district court's judgment granting Defendant Michael Moore's ("Defendant") motion to suppress evidence related to possession of a controlled dangerous substance.

## FACTS AND PROCEDURAL HISTORY

On February 12, 2023, NOPD Officer Jacob Nolan ("Officer Nolan") noticed that Defendant was being suspicious and conducted a "suspicious person stop" while patrolling a Mardi Gras parade route. Officer Nolan noticed that Defendant placed his left arm across his waistband as if he was shielding something and attempted to hide himself behind others while maintaining view of police officers. The officer also noticed a bulge in his waistband and a ski mask in Defendant's hand. Upon searching Defendant, Officer Nolan found a concealed pistol and MDMA.

On July 11, 2023, the state filed a bill of information charging Defendant with one count of illegally carrying a firearm while in possession of a controlled dangerous substance, and one count of possession of a controlled dangerous substance, MDMA, violating both La. R.S. 14:95(E) and 40:966(C)(1)(b),

1

respectively. Defendant appeared for arraignment on August 21, 2023 and pleaded not guilty. On August 22, 2023, defendant filed an omnibus motion for inter alia, suppression of evidence and statements, and for a preliminary hearing, and filed supplemental, particularized motions on October 24, 2023. On December 14, 2023, the district court held a hearing on the Defendant's motion to suppress evidence. Defendant argued that evidence and statements should be suppressed because the police officers lacked a reasonable suspicion that Defendant committed or was about to commit a crime.

The district court found the initial investigative detention valid. However, the Court was concerned that the officers did not ask if Defendant had a concealed carry permit. If he did, then he did not violate the law. It should be noted that the district court raised this argument instead of the Defendant. On February 22, 2024, the district court denied the Motion to Suppress as it related to the gun because it was a proper stop and frisk. However, the district court granted the motion to suppress related to the controlled dangerous substance because the officer did not ask the Defendant about a concealed carry permit incident to arrest.

## DISCUSSION

The State argues that the burden was not on the police officers to determine whether Defendant had a concealed carry permit. Concealed firearms are not legally permitted on a parade route. Defendant asserts that a police officer cannot have a reasonable suspicion to stop a person suspected of carrying a concealed firearm without prior knowledge of whether that individual has been validly issued

2

a concealed handgun permit. The frisk and search for weapons procedure has been outlined in La. C.Cr.P. art. 215.1, which states:

A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.

B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.

C. If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person.

La. C.Cr.P. art. 215.1(C) in particular provides that a police officer does not have to first determine whether the firearm is lawfully possessed prior to seizing the firearm. Prior case law has shown that the burden is on the Defendant to raise the defense of having a valid permit to carry a concealed firearm. *State v. Augillard*, 371 So. 2d 798, 800 (La. 1979). Regardless of the concealed permit issue, Defendant was still found to have a concealed firearm on a parade route, which is illegal whether the carrier of the firearm has a valid permit or not under La. R.S. 40:1379.3(N)(9). La. R.S. 40:1379.3(N)(9) provides the following:

N. No concealed handgun may be carried into and no concealed handgun permit issued pursuant to this Section shall authorize or entitle a permittee to carry a concealed handgun in any of the following:

(9) A parade or demonstration for which a permit is issued by a governmental entity.

3

The police officers also had a reasonable suspicion to stop Defendant and investigate based on Defendant's suspicious behavior. "Probable cause to arrest exists when the facts and circumstances known to the arresting officer, and of which he has reasonable and trustworthy information, are sufficient to justify a man of ordinary caution in the belief that the accused has committed an offense." *State v. Parker*, 06-0053, p. 2 (La. 6/16/06), 931 So. 2d 353, 355 (citing *State v. Ceaser*, 02-3021, p. 6 (La. 10/21/03), 859 So. 2d 639, 644). As Officer Nolan stated, Defendant presented suspicious behavior by placing his left arm across his waistband to cover a bulge, attempting to hide himself behind others while maintaining view of police officers, and a ski mask was seen in Defendant's hand. The U.S. Supreme Court has held that "a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment." *U.S. v. Robinson*, 414 U.S. 218, 224, 94 S.Ct. 467, 471, 38 L.Ed.2d 427 (1973). We find that because the search for the firearm being justified, the narcotics found incident to the search was also justified. Thus, the Court erred in granting Defendant's motion to suppress the controlled substance.

**WRIT GRANTED; REVERSED**