397 So.2d 1299 (1981)
STATE of Louisiana
v.
Richard C. VALENTINE.
No. 80-K-2096.
Supreme Court of Louisiana.
April 6, 1981.
Rehearing Denied May 18, 1981.
Michael J. Johnson, Cottonport, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Eddie Knoll, Dist. Atty., for plaintiff-respondent.
WATSON, Justice.[*]
Defendant was convicted of driving while intoxicated, second offense. LSA-R.S. 14:98. A writ was granted to review his contention that there was no evidence of the first offense.
Defendant, Richard C. Valentine, was first charged with driving while intoxicated, third offense. His counsel filed a motion for a preliminary examination, which was granted. At the hearing, the State introduced without objection minutes of the Twelfth Judicial District Court, which show a guilty plea on August 24, 1978, and a conviction of D.W.I. on September 19, 1978, and minutes of the Bunkie City Court, which show a conviction of second offense D.W.I. on January 29, 1980. The district court minutes reflect that defendant, Richard C. Valentine, was present in court, waived his right to an attorney, and pleaded guilty after being advised of all his rights and privileges. Since the minutes of the Bunkie City Court failed to affirmatively state that defendant was present with counsel or intelligently waived his right to counsel at the time of the second conviction, the present charge was reduced to driving while intoxicated, second offense. After a bench trial in district court, defendant was convicted and sentenced to a fine of $400, or ninety days in the Avoyelles Parish Jail, and an additional one hundred and twenty-five days in the Avoyelles Parish Jail. Counsel objected to the conviction on the ground that there was no valid evidence of the first offense, the only evidence at trial being a statement by the judge: "Well, I think that the first *1300 conviction took place in this court." (Tr. 81)
The trial judge could take judicial notice of the record at the preliminary hearing, an earlier proceeding before him in the same case. LSA-R.S. 15:422(7); State v. Augillard, 371 So.2d 798 (La.1979). There was adequate evidence of the first offense, and defendant was properly convicted of driving while intoxicated, second offense.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
Even if the trial judge's remark was valid judicial notice of the fact that defendant Valentine previously had been convicted of DWI, it does not completely supply the void in the prosecution's case. La.R.S. 14:98(C) and (F) required the state to prove beyond a reasonable doubt that the defendant's previous conviction occurred no more than five years prior to the commission of the charged offense. Since the trial judge's remark does not establish when the previous offense occurred, there was no proof of this essential element of the second offense DWI.
After both the state and defendant rested their cases, the trial judge, during oral arguments, said, "Well, I think that the first conviction took place in this court." There is nothing to indicate that the trial judge referred to the record of the preliminary hearing in making this remark. Moreover, the record of the preliminary hearing was never introduced into evidence at the trial of this case. Consequently, the trial judge's statement must have been based on his own knowledge, perhaps derived second-hand, that the defendant Valentine had previously been convicted of DWI in his court.[*]
Heretofore, we have approved the limited use of judicial notice to shore up the state's proof of a previous conviction by allowing the trial judge in an enhanced sentencing proceeding to take notice of the defendant's identity to establish that he is the same person who appeared before the court earlier in a different portion of that same case. State v. Jones, 332 So.2d 461 (La.1976); State v. O'Day, 191 La. 380, 185 So. 290 (1938). We have not sanctioned judicial notice of matter in prior different proceedings. See State v. Augillard, 371 So.2d 798, 799 (La.1979); La.R.S. 15:422(7). Also the above cases employed the "some evidence" standard of review which we no longer use.
By approving the trial court's judicial notice of a conviction obtained in a prior different proceeding without even referring to a court record of that conviction, the majority has fashioned a rule which leaves defendants totally at the mercy of the trial judge's memory. If the judge announces that he recalls a previous conviction of the defendant in his court, the burden is apparently on the defendant to prove a negative, i. e., that the defendant had not been convicted previously in the trial judge's court. Furthermore, under the majority decision, the defendant is not even afforded any procedural safeguard to assist him in carrying this onerous burden. The trial judge may take judicial notice of such a prior conviction without any request by the prosecution, without giving advance notice to the defendant, without referring to the records of his court, and without affording the parties an opportunity to present evidence of facts contrary to the judge's recollection.
I respectfully submit that the majority has unintentionally adopted a dangerous judicial notice rule which may permit many defendants to be convicted and imprisoned on the basis of a faulty but legally unassailable judicial memory. As such, the rule of this case sweeps far beyond that of modern notions of judicial notice and contains none of the procedural safeguards usually afforded. *1301 See F.R.E. 201(c); 9 Wigmore, Evidence, §§ 2568-83 (1940).
NOTES
[*] Judges James C. Gulotta, John C. Boutall, and Patrick M. Schott of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Calogero, Dennis and Watson.
[*] There is nothing in the record to show that the trial judge had also presided over the proceeding from which the previous conviction resulted. Unlike the situation in State v. Augillard, 371 So.2d 798 (La.1979), the minutes evidencing the prior conviction are not before this court.