975 So.2d 136 (2008)
STATE of Louisiana
v.
Louis A. GIBSON.
No. 2007-KA-0254.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2008.
Rehearing Denied March 5, 2008.
*137 Eddie J. Jordan, Jr., District Attorney, David S. Pipes, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge DENNIS R. BAGNERIS SR., Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
On August 6, 2003, the appellant, Louis Gibson was charged by bill of information with aggravated assault of a peace officer with a firearm. The case was allotted to Section E of the district court on August 7, 2003 and on August 20, 2003, the appellant entered a not guilty plea. The district court found probable cause and denied the motion to suppress the evidence. Lunacy hearings were conducted on February 19, 2004 and on May 26, 2005. Mr. Gibson was found incompetent to proceed to trial at each of those hearings. The case was transferred on July 14, 2006, to Section J to follow case number 456-827, in which Mr. Gibson was also a defendant.
Two months after the case was transferred Mr. Gibson was deemed competent to proceed to trial. Purportedly this determination was made after the court reviewed various doctors' reports and the facts of the case; no hearing was held. Trial proceeded on November 13, 2006 and Mr. Gibson was found guilty as charged. He was sentenced on December 4, 2006, to serve two years at hard labor, to run concurrently. A multiple bill hearing resulted in the court vacating the previous sentence imposed, and amended his sentence to thirty months at hard labor as a third felony offender, to run concurrently.
By his sole assignment of error, Mr. Gibson argues that his due process rights were violated when he was tried and convicted despite being found incompetent to proceed to trial. We agree.
At issue here is the failure of the district court to conduct a contradictory hearing, as required by La.C.Cr.P. art. 647,[1] prior to its ruling that Mr. Gibson was competent to proceed to trial. The State maintains that a hearing was unnecessary in this case because the doctors' testimony would have been the same as presented to the court on February 23, 2006, in case number 456-827. Though the minute entry of September 26, 2006, indicates that the district court reviewed various reports from psychiatrists, those reports are not part of the record; the only report filed in the record is the report that was submitted by Doctor Willis in conjunction with the May 26, 2005, hearing in which she indicated that Mr. Gibson was incompetent. *138 Also, there is no indication that the district court judicially noticed the testimony presented by the doctors at the competency hearing conducted on February 23, 2006. The transcript from that hearing provided medical testimony that indicated Mr. Gibson was competent when taking his medication. However, there is nothing in the record that implies he continued to take the medications that rendered him competent to proceed in the other case.
The Louisiana Supreme Court stated in State ex rel Seals v. State, 00-2738 (La.10/25/02); 831 So.2d 828, that "[t]he failure to resolve the issue of a defendant's capacity to proceed may result in nullification of the conviction and sentence under State v. Nomey, 613 So.2d 157, (La.1993), or a nunc pro tunc hearing to determine competency retrospectively under State v. Snyder, 98-1078 (La.4/14/99), 750 So.2d 832." A nunc pro tunc hearing to determine appellant's competency retrospectively is only appropriate "if a meaningful inquiry into the defendant's competency may still be had." State ex rel Seals v. State, 831 So.2d at 833. In the instant case Mr. Gibson did not testify at trial and the record is void of any information regarding his mental state at the time of trial. Thus, a nunc pro tunc hearing cannot be considered.
Under the circumstances presented in this case the only proper remedy to ensure that Mr. Gibson's due process rights are protected is to vacate his conviction and remand the case for a competency hearing under the provisions of La. C. Cr. P. art. 647 to determine if Mr. Gibson is competent to stand trial prior to conducting a new trial.
CONVICTION VACATED; REMANDED.
NOTES
[1] Article 647 titled Determination of mental capacity to proceed states:

The issue of the defendant's mental capacity to proceed shall be determined by the court in a contradictory hearing. The report of the sanity commission is admissible in evidence at the hearing, and members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney. Regardless of who calls them as witnesses, the members of the commission are subject to cross-examination by the defense, by the district attorney, and by the court. Other evidence pertaining to the defendant's mental capacity to proceed may be introduced at the hearing by the defense and by the district attorney.