993 So.2d 1193 (2008)
STATE of Louisiana
v.
Louis A. GIBSON.
No. 2008-K-0741.
Supreme Court of Louisiana.
November 10, 2008.
*1194 PER CURIAM.
The state seeks review of the decision by the Fourth Circuit reversing defendant's conviction and sentence for aggravated assault on a police officer in violation of La.R.S. 14:37.2 on grounds that the trial court failed to reexamine the question of defendant's competency to stand trial for that specific charge following reallotment of the case after another judge in another section of court had twice found that defendant lacked the capacity to proceed as to that charge. State v. Gibson, 07-0254 (La.App. 4th Cir.1/16/08), 975 So.2d 136. The state contends that the trial court had, in fact, found defendant competent to proceed in another case allotted initially to that section of court and that defendant did not thereafter carry his burden of showing that he lacked the capacity to proceed in either case. For the following reasons we grant the state's writ and reverse the decision below.
In August 2003, the state charged defendant by bill of information with aggravated assault on a police officer in violation of La.R.S. 14:37.2. The case was allotted to Section E of the Criminal District Court for the Parish of Orleans, Honorable Calvin Johnson, J., presiding. On two occasions, in February 2004, and again in May 2005, Judge Johnson found that defendant lacked the capacity to proceed, on the latter occasion committing him to the Feliciana Forensic Facility, and the case came to a standstill. La.C.Cr.P. art. 642 ("When the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed."); La.C.Cr.P. art. 648(A)(2)(a) (if defendant's competency "cannot be restored within ninety days and inpatient treatment is recommended, the court shall commit the defendant to the Feliciana Forensic Facility.").
On March 2, 2005, the state charged defendant by bill of information with a violation of La.R.S. 14:95.1, felon in possession of a firearm. That charge had no relation to the assault case pending in Section E. The firearms charge, which involved a higher class felony offense, was randomly allotted to Section J of the Criminal District Court, Honorable Darryl Derbigny, J., presiding. On February 23, 2006, Judge Derbigny found defendant competent to stand trial in the firearms case on the basis of testimony provided by Dr. Raphael Salcedo, one of two doctors appointed by the court to a sanity commission. In particular, Dr. Salcedo, who was *1195 familiar with defendant from the prior proceedings conducted in Section E, testified that defendant, a diagnosed paranoid schizophrenic, appeared competent to stand trial because he was "currently well stabilized on the medications Risperdal and Prozac." In the psychiatrist's opinion, defendant was "fortunately the sort of individual that when he's on his medications, his symptoms go into fairly good remission, as he is today." However, Dr. Salcedo raised the possibility that defendant did not always take his medications because he had confided to the doctor "that at the time of the commission of the alleged offense, he was not taking his medication as prescribed."[1]
Thereafter, under the rules of court, the assault case in Judge Johnson's section followed defendant's more serious felony charge and was reallotted to Judge Derbigny's section at the end of March 2006. According to the minutes for September 26, 2006, Judge Derbigny then found defendant competent to stand trial in the assault case. However, the accuracy of that minute entry was called into question by a certification from the court reporter for that date in Section J that Judge Derbigny had not, in fact, conducted a competency hearing on that day. The assault charge ultimately went to trial in November 2006. After defendant waived a jury and elected a bench trial, Judge Derbigny found him guilty as charged and sentenced him after subsequent habitual offender proceedings to 30 months imprisonment at hard labor. On May 3, 2007, defendant then entered a guilty plea in the firearms case to a reduced charge of illegally carrying weapons and received a concurrent sentence of six months in the parish jail.
In reversing defendant's conviction and sentence on appeal, the Fourth Circuit observed that the minutes for September 26, 2006, indicated that Judge Derbigny had reviewed various reports from psychiatrists but that the record contained only the report of a doctor who had found defendant incompetent to proceed in the May 2005 hearing, when the assault case was still pending before Judge Johnson. The court of appeal further noted that the record gave "no indication that the district court judicially noticed the testimony presented by the doctors at the competency hearing conducted on February 23, 2006." Gibson, 07-0254 at 2, 975 So.2d at 138. Finally, the Fourth Circuit noted that even if Judge Derbigny had taken judicial notice of the testimony presented at the prior competency hearings conducted in the firearms case, specifically the opinion of Dr. Salcedo that defendant was competent as long as he took his medication, "nothing in the record ... implies he continued to take the medications that rendered him competent to proceed in the other case." Gibson, 07-0254 at 2, 975 So.2d at 138. The court of appeal thus did not address the accuracy of the original minutes for September 26, 2006.
The Fourth Circuit thereafter rejected the state's application for rehearing and an accompanying motion to supplement the record on appeal with the sanity commission reports of Drs. Salcedo and Richoux in connection with the February 23, 2006 hearing, and with a corrected minute entry *1196 issued by Judge Derbigny on January 30, 2007, or shortly after the Fourth Circuit issued its opinion but within the time for applying for rehearing. The corrected minutes indicated that Judge Derbigny had taken the reports of Drs. Salcedo and Richoux into account and that the reports were filed into the record. The minutes further indicated that the court had taken judicial notice of Dr. Salcedo's testimony at the February 23, 2006 hearing, as well as its finding that defendant was competent to stand trial in the firearms case. Finally, the corrected minute entry specifically noted that Judge Derbigny had found defendant competent to proceed in the assault case. Although Judge Derbigny had the authority to correct the district court record in this manner, La.C.Cr.P. art. 916(2)(despite pendency of an appeal, a district court retains jurisdiction to "[c]orrect an error or deficiency in the record."), we take the court of appeal's denial of the state's motion to supplement the appellate record as a reflection of its view that even as corrected, the record still did not bridge the gap between February 23, 2006 and September 26, 2006, with respect to the question of whether defendant continued with his medication and was therefore competent to stand trial.
Generally, a person who suffers from a mental disease or defect which renders him incapable of understanding the nature and object of the proceedings against him, of consulting with counsel, and of assisting in preparing and conducting his defense, may not be subjected to trial. La.C.Cr.P. arts. 641-649.1; State v. Rogers, 419 So.2d 840, 843 (La.1982)(citing Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); State v. Bennett, 345 So.2d 1129 (La.1977)). Given the presumption of sanity in Louisiana jurisprudence, a defendant has the burden to establish his incapacity to stand trial by a preponderance of the evidence. La.R.S. 15:432; Cooper v. Oklahoma, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996)(states may require the accused to prove his incompetency to stand trial only by a preponderance of the evidence; a higher standard of "clear and convincing evidence" violates the Due Process Clause); State v. Frank, 96-1136 (La.10/4/96), 679 So.2d 1365 (Cooper invalidated 1990 La. Acts No. 755, amending La.C.Cr.P. art. 648 to require a finding of incompetency by "clear and convincing evidence;" Louisiana has returned to its former jurisprudential rule requiring only a preponderance of the evidence). The determinations of the trial judge as to competency of defendant to stand trial are entitled to great weight on review and will not be overturned absent an abuse of discretion. State v. Brogdon, 426 So.2d 158, 167 (La.1983); State v. Rochon, 393 So.2d 1224, 1228 (La.1981).
In the present case, the Fourth Circuit properly considered that the finding of competency in the firearms case in February and March 2006, did not necessarily mean that he was competent to proceed later that year in the assault case. A defendant's "mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court." La. C.Cr.P. art. 642. The due process inquiry thus focuses on a defendant's present capacity to proceed and, given the protean nature of defendant's mental disorder and the necessity of maintaining him on medication, any changes in that medication might give rise to reasonable concerns about his continuing capacity to stand trial, particularly in light of Dr. Salcedo's testimony on February 23, 2006, that defendant apparently did not always take his medication. See, e.g., State v. Snyder, 98-1078 (La.4/14/99), 750 So.2d 832 (trial court erred in denying continuance of trial and providing more time for defendant to stabilize *1197 on new medications to maintain his competency to stand trial).
However, the Fourth Circuit erred in denying the state's motion to supplement the record on appeal and the accompanying motion for rehearing. Unlike Snyder, the present defendant makes no claim that he gave the court any reason to believe that his mental status had changed in any respect from the hearing conducted on February 23, 2006, to the hearing conducted seven months later on September 26, 2006, as Judge Derbigny's corrected minute entry attests, and still later, to the day of trial on November 13, 2006. Given the nature of defendant's mental illness and its amenability to remission if properly medicated, Judge Derbingy's finding of competency in the firearms case in February 2006, was not inconsistent with Judge Johnson's prior finding eight months earlier of incompetency in the assault case in May 2005 and his commitment of defendant to the Feliciana Forensic Facility for treatment.
Judge Johnson's finding did not give rise to any presumption as to the assault charge that defendant remained incompetent which then shifted the burden to the state to demonstrate that defendant had regained his capacity to proceed. The determination of whether a defendant has the present capacity despite an earlier finding of incompetency "must be conducted in all respects like the original hearing which was had to determine defendant's mental condition." State v. Laborde, 210 La. 291, 26 So.2d 749, 751 (1946); see La.C.Cr.P. art. 649(D)(after a prior finding of incompetency, "the court's determination of present mental capacity to proceed shall be made in conformity with the appropriate provisions of Articles 646 and 647." Thus, even assuming that La. C.Cr.P. art. 647 required Judge Derbigny to conduct a case-specific contradictory hearing on September 26, 2006 with regard to the assault charge because Judge Johnson had previously found him incompetent in that case, although the hearing in the firearms case on February 23, 2006, clearly indicated a change in his mental status, defendant retained the burden of showing by a preponderance of the evidence that he was presently incompetent to stand trial in the assault case. State v. Plaisance, 252 La. 212, 210 So.2d 323, 325-26 (1968). Given Judge Derbigny's superceding finding on February 23, 2006, that defendant had regained his capacity to understand the proceedings against him and to aid counsel in his own defense, findings as to which Judge Derbigny was entitled to take judicial notice in any subsequent proceeding to determine defendant's present capacity to proceed, State v. Valentine, 397 So.2d 1299, 1300 (La.1981); cf. former La.R.S. 15:422(7)(court may take judicial notice of "[t]he matters pending in the court taking such cognizance and who are its attorneys."); La.C.E. art. 201, Cm't ("This Article is intended to codify and clarify prior Louisiana law and does not substantially change it."), defendant could not discharge that burden by relying on the prior proceedings conducted in May 2005, in Judge Johnson's court. To that extent, it was not for the state to show at the September 26, 2006 hearing that defendant had maintained his medication schedule and remained in remission, but for defendant to demonstrate that, for whatever reason, including any change in medication, he was not competent to stand trial. The attorneys representing defendant when the assault charge was still allotted to Section E did not conduct any of the subsequent competency hearings in either case before Judge Derbigny in Section J, but the same section assistant indigent defender represented defendant at those hearings conducted in February, March, and September 2006. We have no reason to suppose that he was any less *1198 protective of defendant's due process rights than the attorneys who had represented him in Section E, or, for that matter, that Judge Derbigny was any less protective of those rights than Judge Johnson.
Thus, the present record, as corrected by Judge Derbigny, affords substantial assurances that before bringing him to trial on the assault charge, the state accorded defendant his due process right to "`adequate anticipatory, protective procedures to minimize the risk that an incompetent person will be convicted.'" State v. Nomey, 613 So.2d 157, 161 (La.1993) (quoting Medina v. California, 505 U.S. 437, 458, 112 S.Ct. 2572, 2584, 120 L.Ed.2d 353 (1992) (Blackmun, J., dissenting)(emphasis in original)). Accordingly, we reverse the decision of the Fourth Circuit, reinstate defendant's conviction and sentence, and remand the case to the district court for purposes of execution of sentence.
DECISION OF COURT OF APPEAL REVERSED; CONVICTION AND SENTENCE REINSTANTED; CASE REMANDED.
KIMBALL and WEIMER, JJ., would grant and docket.
NOTES
[1] The cautionary note sounded by Dr. Salcedo led defense counsel to change defendant's not guilty plea to a dual insanity plea and to call for a reexamination of defendant to determine whether he had been insane at the time of the offense. Accordingly, Judge Derbigny conducted a second hearing in March 2006, at which Dr. Salcedo again appeared and offered his opinion that "although he may have been suffering from a psychiatric disorder at the time," defendant was nevertheless "capable of distinguishing right from wrong." Given that testimony, counsel withdrew the dual insanity plea and returned to defendant's original not guilty plea.