SEXTON, Judge Pro Tem.
| defendant, Danny Ray Thomas, pled guilty to a reduced charge of attempted armed robbery, in violation of La. R.S. 14:64 and was sentenced to five years’ imprisonment at hard labor, with credit for time served. Defendant now appeals, arguing that his guilty plea is invalid and must be set aside because he was never determined to be competent following a court-ordered sanity commission. The State agrees. For the reasons set forth herein, the guilty plea and sentence of Defendant are vacated and set aside and the matter is remanded for a sanity hearing to determine Defendant’s competency to proceed to trial.

DISCUSSION

On May 27, 2010, Defendant was charged with two counts of armed robbery with a firearm, in violation of La. R.S. 14:64 and La. R.S. 14:64.3. On June 4, 2010, the trial judge granted Defendant’s application for appointment of a sanity commission and ordered two psychiatrists to examine Defendant and report back to the court within 30 days. A hearing was set for July 6, 2010, to determine Defendant’s mental capacity to proceed. Trial court minutes reflect that this hearing was reset for August 17, 2010, on which date the minutes indicate “Sanity Commission pending.” The minutes do not reflect that the sanity commission was ever held.
On January 26, 2011, Defendant withdrew his former plea of not guilty and entered a plea of guilty to a reduced single count of attempted armed robbery. After a discussion of rights with the accused, the judge determined that Defendant understood his rights and that his waiver of those | ¿rights was both free and voluntary. His guilty plea to count one was accepted and the second count was nol-prossed. The judge ordered a presentence investigation report.
On May 3, 2011, Defendant appeared for sentencing. The presentence investigation report showed that, on April 5, 2010, Defendant entered the Regions Bank on Texas Street in Bossier City and handed the cashier a note demanding money and indicating that he had a gun. He left the bank with $6,500 cash. Defendant was found three days later at a local casino with the stolen money. As previously stated, Defendant was sentenced to five years’ imprisonment at hard labor, with credit for time served.
Defendant filed a motion to reconsider his sentence on June 2, 2011, which was denied. This appeal ensued.
Defendant correctly submits that the guilty plea in this case is invalid due to the trial court’s failure to conduct a sanity hearing and determine his competency pri- or to taking his guilty plea. When a question about the defendant’s mental capacity is raised, criminal prosecution may not proceed until the defendant is found to have the mental capacity to proceed. La. C. Cr. P. art. 642. In a contradictory *1209 hearing, the court must determine by a preponderance of the evidence whether the defendant has the mental capacity to proceed. La. C. Cr. P. art. 647.
A person who lacks the mental capacity to understand the proceedings against him, to consult with counsel and to assist in his defense may not be subject to trial. The failure to observe such procedures violates |¾a defendant’s due process right to a fair trial. State v. Nomey, 613 So.2d 157 (La.1993).
In the ease sub judice, a sanity commission was ordered to determine Defendant’s mental capacity to proceed to trial, but had yet to report. Thus, the record does not reflect that a contradictory hearing was held or that his competency was ever determined by the trial court prior to his guilty plea being accepted. Accordingly, the guilty plea is invalid and the plea and sentence must be vacated and set aside. La. C. Cr. P. arts. 642 and 647; State v. Nomey, supra.

DECREE

For the foregoing reasons, the guilty plea of Defendant, Danny Ray Thomas, is vacated and set aside. The matter is remanded to the trial court with instructions to conduct the sanity hearing to determine Defendant’s competency to proceed to trial.
PLEA AND SENTENCE VACATED AND SET ASIDE; REMANDED FOR SANITY HEARING.