DREW, J.
11 Jeremy Johnson attacks his conviction and sentence for his guilty plea to the crime of attempted aggravated rape. He correctly urges that his Sixth Amendment rights were violated by prosecutorial actions taken against him after he was adjudicated incompetent to proceed and without the court subsequently finding him competent.
We are constrained to vacate all actions at the trial level on and after November 12, 2013, specifically including his conviction and sentence.
I. Salient Early Chronology of Events
In early June of 2012, the defendant, then 22 years of age, was arrested for sexually abusing a child previously that month.
On June 8, 2012, the defendant was provided a lawyer.
On October 15, 2012, the defendant was indicted for the crime of aggravated rape.
On October 24, 2012, through counsel, the defendant filed an application for the appointment of a sanity commission, urging that he was suffering from a mental disease.or defect that precluded his ability to understand the proceedings or to assist counsel with his defense.
On that date, the trial court ordered the requested sanity commission and appointed two psychiatrists to evaluate the *1172 defendant’s mental status. The physicians disagreed as to the defendant’s mental competency to proceed.[1]
On January 15, 2013, the trial court noted the differing conclusions and appointed a psychologist to further evaluate defendant’s mental | condition. The third expert found the defendant to be mentally incompetent.[2]
On April 30, 2013, the trial court issued a ruling that the defendant lacked the capacity to proceed because of a mental disease or defect that rendered him unable to understand the proceedings and to assist counsel.
On May 1, 2013, the trial court signed an order to transport the defendant to Eastern Louisiana Mental Health System (“ELMHS”) for evaluation and treatment.
On May 30, 2013, the defendant was physically admitted to ELMHS.
On October 8, 2013, the ELMHS assistant clinical director and acting chief executive officer advised the court by letter that the defendant “presently has the mental capacity to proceed as he now understands the proceedings against him and can assist his attorney in the defense. Therefore, we are discharging Jeremy Johnson and returning him to the custody of the Sheriff of Bossier Parish immediately.”
II. Response to the ELMHS Letter
On October 29, 2013, the prosecutor sought to comply with the mandatory time frame set out in La. C. Cr. P art. 649(A),[3] but the assigned | ¡judge was unavailable *1173 on that date.[4] The parties requested another judge (“the assisting judge”) to accommodate them by holding a brief hearing at which the parties stipulated to the medical findings contained in the ELMHS discharge letter of October 8. The court allowed the stipulation and said: “With that, we should be in compliance with the Code articles and can now reset this matter before the assigned judge ... for a status conference.” No finding of mental competency to proceed was made.[5]
On November 12, 2013, the defendant appeared before his assigned judge. Defense counsel’s brief summary of events included a reference that |4the assisting judge had presided over the October 29 sanity hearing.[6]
The assigned judge made no finding as to the defendant’s competency to proceed. There is - no order or judgment of competency in this record.
III. Applicable Law
The Louisiana Code of Criminal Procedure provides clear guidance on sanity issues involving criminal defendants.[7]
A person who lacks the mental capacity to understand the proceedings *1174 against him, to consult with counsel and to assist in his defense may not be subject to trial. The failure to observe such procedures violates |sa defendant’s due process right to a fair trial. Where the record does not reflect that a contradictory hearing was held or that a defendant’s competency was ever determined by the trial court prior to his guilty plea being accepted, the guilty plea is invalid and the plea and sentence must be vacated and set aside. State v. Nomey, 613 So.2d 157 (La.1993); State v. Thomas, 47,020 (La.App.2d Cir.4/11/12), 91 So.3d 1207.
The determination of whether a defendant has the present capacity to proceed, despite an earlier finding of incompetency, must be conducted in all- respects like the original hearing which was had to determine defendant’s mental condition. State v. Gibson, 2008-0741 (La.11/10/08), 993 So.2d 1193. After a court determines that a defendant is incompetent to proceed, a hearing is required before a subsequent determination of competency can be made. See Gibson, supra.
A stipulation to medical findings for the purposes of the defendant’s release from ELMHS under La. C. Cr. P. art. 649 does not amount to a judicial determination of the defendant’s competency. A ruling from the trial judge as to the defendant’s competency to proceed must occur before any further steps can be taken in the proceedings.
IV. Analysis and Comments
We have previously held that trial courts cannot even accept a guilty plea if there is an unresolved request for a sanity commission, even if counsel seeks to withdraw the request. State v. Strain, 42,809 (La.App.2d Cir.12/5/07), 972 So.2d 1184.
The instant facts are more egregious, in that this guilty plea was taken 1 f,despite the most recent substantive ruling, a finding of mental incompetency by court order rendered April 30, 2012, and signed May 1, 2012.
No officer of the court and neither trial judge intended to do anything but follow the law. The mistake is understandable but must be rectified.
Many factors led to this glitch in communication, including:
• confusion about four separate charges in four separate records;
• the mandatory time frame required by La. C. Cr. P. art. 649, compliance with which is difficult in a multiparish judicial district;
• the good faith involvement of two judges and two prosecutors; and
• the sheer volume of court matters handled in any district court.
V. Conclusion
Because of the inadvertent violations of defendant’s Sixth Amendment rights, all trial court actions taken on and after November 12, 2013, are vacated, including:
• the amended plea of not guilty and not guilty by reason of insanity,[8] entered on November 12, 2013;
*1175 • the guilty plea[9] to attempted aggravated rape on April 4, 2014; and
• the 40-year hard labor sentence, without benefits, on August 19, 2014.
The case is remanded for further proceedings.
After a fresh hearing on the subject, the trial court must make a 17formal ruling as to whether or not the defendant is mentally competent to stand trial, ie., that he understands the charges against him, can communicate1 with counsel, and can assist counsel in his defense. If that question is resolved in the affirmative, this prosecution may proceed.
DECREE
The defendant’s guilty plea and sentence are vacated, and the case is remanded for further proceedings.
GUILTY PLEA AND SENTENCE VACATED; REMANDED.

. These two reports are contained in the record before us.

. This report is not contained in the appellate record.

. Art. 649. Procedure when capacity regained
A. At any time after a defendant’s commitment, if either the superintendent of the mental institution or the administrator of outreach forensic services reports to the committing court that the defendant presently has the mental capacity to proceed, the defendant, if hospitalized, shall be discharged from the mental institution and released to the custody of the sheriff of the parish from which the defendant was committed, and the court shall hold a contradictory hearing within thirty days on that issue. No defendant shall be released prior to the holding of the contradictory hearing on his release unless the office of the district attorney in charge of the prosecution of the defendant receives seven days notice of the pending release of the defendant.
B. Prior to such a hearing, the court shall appoint counsel to represent the defendant, if the defendant does not have counsel, and may order a mental examination by a sanity commission appointed in conformity with Article 644. The report of the superintendent of the mental institution or the administrator of outreach services may be stipulated to and submitted by the state and the defense in lieu of a mental examination by a sanity commission. If the committing court does not hold a hearing within thirty days, the sheriff of the parish from which the defendant was committed shall appear at the institution within seven days thereafter and shall receive and hold the defendant in custody pending further orders of the committing court. If the sheriff fails to appear with a court order and accept custody of the defendant, the superintendent of the state mental institution or the director of the mental health unit shall notify the judicial administrator and the attorney general of such fact. Thereafter the Criminal Court Fund of the parish from which the defendant was committed shall pay to the general fund of the state the sum of one hundred dollars a day until the sheriff appears and accepts custody of the defendant for the court.
C.The district attorney or the defense may apply to the court to have the proceedings resumed, on the ground that the defendant presently has the mental capacity to proceed. Upon receipt of such application the court shall hold a contradictory hearing to determine if there is reasonable ground to believe that the defendant presently has the mental *1173 capacity to proceed. The court may direct the superintendent of the mental institution where the defendant is committed or the administrator of outreach forensic services, if treatment is initiated in jail, to make a report and recommendation prior to such hearing as to whether the defendant presently has capacity to proceed, or may order an independent mental examination by a sanity commission appointed in conformity with Article 644.
D. Reports as to present mental capacity to proceed shall be filed in conformity with Article 645, and the court's determination of present mental capacity to proceed shall be made in conformity with the appropriate provisions of Articles 646 and 647.
E. If the court determines that the defendant has the mental capacity to proceed, the proceedings shall be promptly resumed. (Emphasis added).

. The 26th Judicial District contains two parishes.

. A fair reading of the transcript leads us to infer that the assisting judge reasonably assumed that the assigned judge would decide the competency issue.

. A fair reading of the transcript leads us to infer that everyone in court on November 12, 2013, reasonably assumed that the assisting judge, pursuant to joint stipulation of the parties, had ruled that the defendant was mentally competent to proceed.
Consider these statements made that date:
By defense counsel:
“A third physician was appointed in April. He was — -the Court found him not competent and sent him down to East Louisiana. The superintendent down there filed to have him brought back saying he is competent and they had a 30 days hearing as required by the statute. It was in front of the Honorable Judge Self on the 29th of October. That’s when we set it for. — ”.
Judge Stinson, the assigned judge sought confirmation:
"Judge Self heard the motion?”
By defense counsel:
"They had 30 days to bring it up before they start accruing monetary penalties for every day and it was just to bring it up and we reset it for a status conference today.”

.La. C. Cr. P. art. 641 provides:
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense.
La. C. Cr. P. art. 642 provides:
The defendant’s mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant’s mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed.
La. C. Cr. P. art. 647 provides:
The issue of the defendant’s mental capacity to proceed shall be determined by the court in a contradictory hearing. The report of the sanity commission is admissible in evidence at the hearing, and members of the sanity *1174 commission may be called as witnesses by the court, the defense, or the district attorney. Regardless of who calls them as witnesses, the members of the commission are subject to cross-examination by the defense, by the district attorney, and by the court. Other evidence pertaining to the defendant’s mental capacity to proceed may be introduced at the hearing by the defense and by the district attorney.

. Actually, the minutes do not reflect that an initial arraignment was held.

. On the date of the guilty plea, the prosecutor stated:
“Your Honor, this is Docket No. — while it’s not indicated on the docket, these matters are Docket No. 194,838; 838A; also 194,839 and 194,839A. Your Honor, the State has tendered an offer to the defendant, Mr. Jeremy D. Johnson, that he would enter a plea to one count of Attempted Aggravated Rape and the State would not prosecute all of the remaining' charges against him with the sentence being left up to the Court pursuant to a pre-sentence investigation. I believe that to be the extent of the State’s offer.”