STONE, J.
_JjThe defendant, George Edward Higgins, pled guilty to attempted aggravated rape and sexual battery. The defendant received a sentence of 50 years at hard labor without benefit of parole, probation, or suspension of sentence for the attempted aggravated rape conviction. For the sexual battery conviction, the defendant was sentenced to serve 50 years, with 25 years to be served without benefit of probation, parole, or suspension of sentence. The sentences were ordered to run consecutively with credit given for time served. The defendant appeals, urging the trial court erred in accepting his guilty pleas without rendering a final disposition as to his insanity issues. For the following reasons, we vacate the defendant’s guilty pleas and sentences and remand the case for a sanity hearing.
FACTS AND PROCEDURAL HISTORY
The defendant, his wife, Michelle Higgins, and the juvenile victim, K.H.,[1] lived in a one-room storage building in the defendant’s parents’ backyard. On September 20, 2013, K.H. told her paternal grandparents, Fred and Joyce Higgins, that the defendant had beaten K.H. with a power cord. After observing red marks on K.H. Joyce notified the Richland Parish Sheriffs Office. On or about the same day the Delhi Police Department received a call from a counselor at the community recreation center in Monroe, Louisiana, in reference to K.H. According to the counsel- or, K.H. informed a friend she was going to commit suicide because her dad was 12sexually assaulting her. The officers went immédiately to KH.’s school and observed marks and bruises on K.H. They also saw a mark on K.H.’s lower legs where the defendant had kicked her and a scar on her thigh where the defendant had shot her with a BB gun.
After the defendant was arrested, an investigator with the Richland Parish Sheriffs Office and an investigator with the Department of Children and Family Services met with K.H. K.H. told the investigator she had suffered continuous sexual molestation at the hands of the defendant since she was eight years old. She stated the last incident of rape occurred a few days before the authorities were contacted. K.H. further indicated that the defendant threw things at her, punched her in the head with his fist, performed oral sex on her mother while forcing K.H. to watch, made her watch pornography *137 inside the one-room storage building, -and forced her to watch the defendant and his wife have sexual intercourse. The defendant also subjected K.H. to other emotional abuse, repeatedly telling her that he wished she was never born.
Shortly after his arrest, the defendant admitted to having sex with his daughter, K.H., but indicated that actual intercourse had begun only a year prior to his arrest. The defendant corroborated much of what K.H. told the police, including the fact that the last time he had sex with the then 15-year-old victim was about one week prior to his arrest. The defendant gave various accounts of his abuse of K.H. and never denied the sexual nature of their relationship. The defendant also admitted to kicking, hitting, and beating K.H. with a power cord.
|aOn December 12, 2013, a grand jury indicted the defendant for aggravated rape, aggravated incest, and aggravated-battery. On January 8, 2014, the defendant was arraigned and counsel was appointed. At the arraignment, the defendant pled not guilty and not guilty by reason of insanity to all charges. On February 7, 2014, defense counsel filed a motion to determine the defendant’s mental competency both at the present time and at the time of the offenses. Counsel requested the trial court appoint a sanity commission and then make a determination about the defendant’s competency. On that same date, the trial court signed an order appointing two doctors to examine the defendant and render reports concerning his mental condition at the time of the alleged offenses, his capacity to understand the proceedings against him, and his ability to assist in his defense.
The trial court minutes reflect the defendant appeared in court with his attorney on May 14, 2014, July 9, 2014, August 27, 2014, November 5, 2014, and January 7, 2015. On each of these dates, the scheduled “pretrial conference” was upset and refixed for a later date. In the meantime,- the record reflects that on February 26, 2014, the state responded to the defendant’s motion for discovery and filed its own motion for discovery. The record also contains a November 19, 2014, pro se motion from the defendant- asking for a new attorney, and a second motion for discovery, filed by defense counsel on December 10,2014.
On March 12, 2015, the state gave the defendant notice, per La. R.S. 15:440.1, of its intent to use as evidence a video interview with KH. On March 13, 2015, the defendant appeared in court with counsel and entered pinto a plea agreement. The state agreed to reduce the aggravated rape charge to' attempted aggravated rape and the aggravated incest charge' to sexual battery, with a sentence imposed per La. R.S. 14:43.1(C)(2). The state dismissed the aggravated battery charge in éxchange for the defendant’s guilty plea to the reduced charges. The parties agreed the defendant would be senténced following a presentence investigation report.
The defendant’s capacity to proceed was not explicitly discussed during the Boykin colloquy, although this exchange occurred:
Court: Do you have any physical, mental, or emotional problems that would keep you from understanding what we’re doing here today?
Defendant: No, ma’am..
Court: The Court finds that the defendant is competent to enter this guilty plea and waive his constitutional rights, freely, voluntarily and intelligently.
The trial court then advised the defendant of his rights. After the defendant waived his rights and-the trial court was satisfied *138 with his waiver, the court accepted the defendant’s guilty pleas.
Once the presentence investigation was completed, the defendant returned for sentencing. The trial court reviewed the defendant’s social history, noting that he dropped out of school in ■ the ninth grade and had only sporadic employment. The court further noted the defendant had previously been diagnosed with clinical depression and anxiety disorder and was prescribed medications, but quit taking the prescribed medications because he thought they were not working. The defendant read to the court a prepared statement in which he expressed regret over the pain he caused his family and that he was sorry for everything he had done.
IsAfter reviewing the relevant factors under La. C. Cr. P. art. 894.1, the trial court sentenced the defendant to 50 years at hard labor, without the benefit of parole, probation, or suspension of sentence, for the attempted aggravated rape conviction. For the sexual battery conviction, the court sentenced the defendant to 50 years at hard labor, 25 years of which would be served without probation, parole, or suspension of sentence. The trial court ordered the sentences be served consecutively and the defendant was given credit for time served. A motion to reconsider sentence was filed on behalf of the defendant arguing his sentence was excessive: The trial court denied the motion. This appeal followed.
LAW AND DISCUSSION
In his first assignment of error, the defendant contends the trial court erred in accepting his- guilty pleas without first determining whether he had the mental capacity to proceed.
La. C. Cr. P. art. 642 provides:
The defendant’s mental incapacity - to proceed may be raised, at any time by the defense, the district attorney, or the court. When the -question of the defendant’s mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed.
La. C. Cr. P. art. 647 provides:
The issue of the defendant’s mental capacity to proceed shall be determined by the court in a contradictory hearing. The report of the sanity commission is admissible in evidence at the hearing, and members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney. Regardless of who calls them as witnesses, the members of the commission are subject to cross-examination by the defense, by the district attorney, and by the court. Other evidence pertaining to the defendant’s mental capacity to proceed may be introduced at the hearing by the defense and by the district attorney.
In A person who lacks the mental capacity to understand the proceedings against him, to consult with counsel and ,to assist in his defense may not be subject to trial. The failure to, observe such procedures violates a defendant’s due process right to a fair trial. State v. Nomey, 613 So.2d 157 (La.1993).
In State v. Thomas, 47,020 (La.App.2d Cir.4/11/12), 91 So.3d 1207, Thomas, charged- with two counts of armed robbery with a firearm, moved for-and obtained an, order for -a sanity commission. However, no hearing was -ever held to determine his competency to proceed. He subsequently pled guilty to a single count of attempted armed robbery and was sentenced to five years at hard labor. He appealed, arguing that his plea was invalid ¡because the trial *139 court failed to conduct a sanity hearing and determine his competency prior to pleading guilty. This court agreed with Thomas’ contention, concluding that “the guilty plea is invalid and the plea and sentence must be vacated and set aside. La. C. Cr. P. arts. 642 and 647; State v. Nomey, supra,” See also State v. Johnson, 49,848 (La.App.2d Cir.5/20/15), 166 So.3d 1170.
In the present matter, the pleas of not guilty and not guilty by reason of insanity were tendered by the defendant at arraignment and a sanity commission composed of two doctors was appointed by the trial court. Subsequently, the defendant pled guilty but the pleas of not guilty by reason of insanity were not withdrawn. The status of the defendant’s mental capacity at the times of the alleged incidérits or his competency to proceed and assist his attorney at trial were never determined by a contradictory hearing. In its brief, the state indicates:
|7The State has carefully reviewed the entire record, as well as requested that the Clerk of Court and court reporter search for any proceedings which may not have been transcribed or filed to no avail. Although it is clear from the District Attorney’s files and correspondence with defense counsel that the District Attorney’s office and defense attorney were in receipt of .the two (2) doctor’s reports confirming Higgins’ capacity and understanding, these were not made part of the record, nor ruled upon by the Judge. Apparently having been satisfied with the results of the doctor’s reports from the Sanity Commission, the parties decided to proceed with the resolution of the case. However, there is no indication that the Court itself made a review of the commission reports and/or made a judicial- determination of competency.
These medical reports are not part of the appellate record nor is any of the above-referenced correspondence.
During the plea process, the trial court asked the defendant whether he had any “mental or emotional problems that would keep you from understanding what we’re doing here today,” and when the defendant answered “no,” the trial court found him competent to plead guilty. This court does not believe that this minute and relatively proforma exchange, can take the place of the hearing required by La. C. Cr. P.. art. 647 and the due process concerns that underlie that article. Due process requires, at a minimum, that the trial court review the findings of the physicians who examined the defendant and render a more formal determination that the defendant is competent to proceed. It was error for the trial court to accept guilty pleas from the defendant without a final disposition as to his mental capacity to proceed. Accordingly, this court vacates the defendant’s guilty pleas and sentences and remand's the case-for a contradictory hearing.
In light of this court’s ruling that the matter be remanded, we pretermit any discussion of the defendant’s second argument with regard to the excessiveness of his sentence.
^CONCLUSION
For the afprementioned.reasons, the defendant’s guilty pleas and sentences are vacated. This matter is remanded to the district court with instructions to hold a contradictory hearing in compliance with La. C. Cr. P. art. 647.-
VACATED; REMANDED WITH INSTRUCTIONS.

. Because this case involves a juvenile victim, only her initials will be used in this opinion. La. R.S. 46:1844(W)(3).