Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,796-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JOSHUA A. CHAPMAN                          Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 2022-124F

Honorable John Clay Hamilton, Judge

* * * * *

LOUISIANA APPELLATE PROJECT                 Counsel for Appellant
By: Chad Ikerd

PENNY WISE DOUCIERE                         Counsel for Appellee
District Attorney

AMANDA MICHELE WILKINS
SHIRLEY GUILLORY GEE
Assistant District Attorneys

* * * * *

Before STONE, COX, and HUNTER, JJ.

**HUNTER, J.**

Defendant, Joshua A. Chapman, was charged by bill of indictment with two counts of aggravated kidnapping, in violation of La. R.S. 14:44, two counts of first degree rape, in violation of La. R.S. 14:42, two counts of armed robbery, in violation of La. R.S. 14:64, possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1, and attempted armed robbery, in violation of La. R.S. 14:27 and 14:64.

Pursuant to a plea agreement, defendant pled guilty to two counts of second degree rape, two counts of armed robbery, and attempted armed robbery. Defendant agreed to a sentencing cap of 50 years, and he was sentenced to serve 40 years for both counts of second degree rape, 50 years for each count of armed robbery, and 49 years for attempted armed robbery. The sentences were ordered to be served concurrently and at hard labor without the benefit of probation, parole, or suspension of sentence. For the following reasons, we affirm.

**FACTS**

On November 28, 2021, defendant, Joshua A. Chapman, went to the Family Dollar Store in Winnsboro, Louisiana, where two female employees were working. Once defendant entered the store, he locked the doors, produced two large knives, and ordered the employees to empty the cash registers and safe.[1] The employees emptied both cash registers and gave defendant the money. Thereafter, defendant held the women at knifepoint and ordered them outside, where he forced them into one of the women's vehicle. One woman drove the vehicle, while defendant sat in the back seat

---

[1] Defendant's actions inside the store were captured on the store's surveillance cameras.

with the other woman. Still wielding the knife, defendant directed the driver to his residence.

Once they arrived at defendant's residence, he ordered the women to remove their clothing and sit on the sofa. Defendant held the women hostage overnight, and during the course of the night, defendant forced them to engage in sexual intercourse with him. According to the victims, defendant penetrated them vaginally and anally, multiple times, and he forced them to perform oral sex on him. He also forced them to penetrate themselves with sex toys supplied by defendant.[2] During the rapes, defendant kept a knife within reach, and would point it at the victims. According to the victims, defendant refused to allow them to talk to each other, and when he thought he overheard them, he pointed a shotgun in their faces.

The following morning, defendant armed himself with a shotgun, ammunition, and a knife, compelled the women back into the vehicle, and demanded to be driven to a bank. Upon learning the bank had not yet opened for business, defendant ordered the woman who was driving to take him to a nearby gas station. When they arrived at the gas station, defendant handed the driver $20 to purchase gas. The driver frantically approached the gas station attendant's window, informed the attendant she had been kidnapped, and asked her to call 9-1-1. At that point, defendant approached the window armed with a shotgun. Defendant stuck the shotgun through the opening in the window and demanded money from the attendant.[3] The

_____

[2] The DNA obtained from the victims' sexual assault examinations was consistent with defendant's DNA.

[3] The surveillance video from the gas station was retrieved by law enforcement officers.

2

attendant called 9-1-1, and defendant was apprehended by the Franklin Parish Sheriff's Office.

On February 24, 2022, defendant was charged by bill of indictment with two counts of aggravated kidnapping, in violation of La. R.S. 14:44, two counts of first degree rape, in violation of La. R.S. 14:42, two counts of armed robbery, in violation of La. R.S. 14:64, possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1, and attempted armed robbery, in violation of La. R.S. 14:27 and 14:64. Defendant entered a plea of not guilty to all charges.

On June 2, 2022, defense counsel filed a "Motion for Appointment of Sanity Commission and for Mental Examination and for a Contradictory Hearing Concerning the Defendant's Competency." Defense counsel argued defendant had a history of mental health issues, he had been diagnosed with schizophrenia in 2008 and a psychotic disorder in 2016, and he had been hospitalized multiple times for "mental health issues." The trial court granted the motion and appointed Dr. Philip Scurria and Dr. Candi Hill to evaluate defendant.

Following the mental health examinations, Dr. Scurria and Dr. Hill determined defendant was competent to proceed, capable of understanding the nature of the pleadings against him, able to assist in his defense, and able to distinguish right from wrong when he committed the offenses. Both reports were filed into the record under seal.

A hearing was conducted on October 4, 2022, during which the trial court noted the reports and findings of both mental health experts. Defense counsel objected to the reports and "reserved the right to traverse the reports by having an independent evaluation." Based upon the reports, the trial

3

court ruled defendant was "competent and capable of standing trial and assisting in his defense." Defense counsel objected to the court's ruling but did not file a motion for an independent examination at that time.

The trial was scheduled to commence July 31, 2023. However, on July 25, 2023, defense counsel filed a motion for an independent examination and a motion to continue trial pending the outcome of the examination. On the record, defense counsel stated defendant had given him the name of a physician, and he (defense counsel) was going to handwrite the physician's name on the order. The trial court denied the motion for an independent examination in open court. The trial judge handwrote "DENIED" on the order and struck through the language requesting the proceedings be stayed pending the outcome of the independent examination.

Later that day, defendant appeared in court with counsel and pled guilty to two counts of second degree rape, two counts of armed robbery, and attempted armed robbery. In exchange for defendant's guilty plea, the State dismissed the two counts of aggravated kidnapping and the charge of possession of a firearm by a convicted felon, amended both counts of first degree rape to charge defendant with second degree rape, and agreed to a sentencing cap of 50 years.

During the *Boykin* hearing, defendant informed the court he was taking an "anti-psychotic" medication, but he did not believe the medication prevented him from understanding the proceedings or the questions posed by the trial court. He also stated his "mental problems" did not prevent him from understanding the nature of the proceedings. Defendant further informed the court he understood the charges against him, the crimes to which he was pleading guilty, the plea agreement, and the consequences

4

thereof. Defendant also stated he had reviewed the plea agreement with his attorney, and he was pleading guilty because he was, in fact, guilty of the charges against him. Defendant also expressed he was satisfied with his counsel's performance, and he believed counsel had reviewed his case and any possible defenses he would have. The trial court found defendant was competent to enter the guilty plea, and he had waived his constitutional rights freely, voluntarily, and intelligently.

A sentencing hearing was conducted on September 26, 2023. The trial court reviewed the presentence investigation report ("PSI") and sentenced defendant to serve 40 years for both counts of second degree rape, 50 years for each count of armed robbery, and 49 years for attempted armed robbery. The sentences were ordered to be served concurrently and at hard labor without the benefit of probation, parole, or suspension of sentence. Further, the court notified defendant of the requirement to register as a sex offender for a lifetime, upon his release, pursuant to La. R.S. 15:544(B). Subsequently, the trial court denied defendant's motion to reconsider sentence.

Defendant appeals.

**DISCUSSION**

Defendant contends his due process rights were violated because the trial court accepted his guilty plea after signing an order to appoint an independent physician to evaluate defendant's competency. According to defendant, his guilty plea is "null and void" because he entered the plea "on the same day as the order granting the independent examination was signed, and without a subsequent contradictory hearing[.]" Notwithstanding the written order and the unequivocal denial in open court, defendant

5

inexplicably argues the trial court *granted* the motion for an independent examination and appointed Dr. Thomas Colvin to evaluate defendant. Despite trial counsel's comments on the record, defendant now maintains the trial judge, not trial counsel, handwrote Dr. Colvin's name on the order, and he asserts the "DENIED" notation was in reference to the denial of the motion to continue. Defendant argues prior to accepting defendant's guilty plea, the trial court was required to conduct a contradictory hearing, after an independent examination, to determine defendant's mental capacity to proceed.

A person who lacks the mental capacity to understand the proceedings against him, to consult with counsel, and to assist in his defense may not be subject to trial. The failure to observe such procedures violates a defendant's due process right to a fair trial. Where the record does not reflect that a contradictory hearing was held or that a defendant's competency was ever determined by the trial court prior to his guilty plea being accepted, the guilty plea is invalid and the plea and sentence must be vacated and set aside. *State v. Nomey*, 613 So. 2d 157 (La. 1993); *State v. Thomas*, 47,020 (La. App. 2 Cir. 4/11/12), 91 So. 3d 1207.

As stated above, defendant argues his guilty plea is null and void because his "rights of Due Process were violated when the trial court accepted his plea after previously signing an order to appoint a doctor to determine his competency." Our review of the record reveals this argument is a gross mischaracterization of what occurred in this case and is clearly belied by the record.

6

The record reveals July 25, 2023, defense counsel filed a motion for an independent examination and a motion to continue the trial pending the outcome of the examination. On the record, defense counsel stated:

> [Y]our Honor, I'm filing this, I got the name from [defendant], Dr. Tom Colvin, that's who I'm going to write on here and I'd just ask for a ruling from the Court on that.

Thus, the record reveals defense counsel, in open court, indicated he was going to handwrite the doctor's name on the order, and the record clearly shows he followed his statement up by writing, "Dr. Thomas Colvin, M.D.," on the written order. The trial court unequivocally denied defendant's motions, stating:

> [H]e's entitled to ask for an independent examination, however, the fact is that it's been over nine months since *** my ruling on the sanity commission [and] it's been over ten months since the – Dr. Scurria and Dr. Hill rendered their report[s]. The time to ask for an independent examination would have been some time well prior to today, three days or four days before the trial is going to start, so I appreciate the fact that he has that opportunity but I'm going to deny the motion for an independent examination at this point in the proceedings.

The written order provides as follows:

> Considering the defendant's motion, IT IS ORDERED that the following evaluator(s) are hereby appointed to conduct the evaluation of the defendant:
>
> Dr. Thomas Colvin, M.D.
>
> DENIED[4]

---

[4]"Dr. Thomas Colvin, M.D." was handwritten on the judgment by defense counsel, and "DENIED" was handwritten by the trial judge. The trial court also struck through the following language in the order:

> IT IS FURTHER ORDERED that there shall be no further steps in the criminal prosecution of the above-captioned matter until the defendant is found to have the mental capacity to proceed.

Further, the court stated on the record it would deny the motion to continue trial and signed a wholly separate order denying that motion. Defense counsel asserted on the record he would seek supervisory review of the denials of both orders; however, he did not do so.

Consequently, contrary to defendant's argument herein, we find the trial court did not grant an order to appoint an independent physician to determine his competency. Earlier in the proceedings, the trial court appointed a sanity commission to determine whether defendant was competent to stand trial. During the competency hearing, the trial court noted the sanity commission's unanimous finding that defendant was competent to proceed, capable of understanding the nature of the pleadings against him, able to assist in his defense, and able to distinguish right from wrong when he committed the offenses. Based on the reports of the experts, the trial court ruled defendant was "competent and capable of standing trial and assisting in his defense." Less than one week prior to trial, defense counsel requested an independent examination. The trial court denied the motion orally, in open court and via a written order on which the trial judge handwrote "DENIED" on the order. Accordingly, we find no merit to defendant's argument that his motion for an independent examination was granted, and we hereby affirm defendant's convictions and sentences.

## CONCLUSION

For the foregoing reasons, defendant's convictions and sentences are hereby affirmed.

**AFFIRMED.**

8